THE STATE *ex rel.* THE ATTORNEY GENERAL v. GAMMON.

1. **Election of Probate Judges.**   Section 1192, Revised Statutes 1879, provides that "in every county where, under existing laws, there shall be a judge of probate whose term of office does not expire until the 1st day of January, 1881, there shall be a judge of probate elected at the general election in the year 1880." *Held*, that this section did not authorize the election at the general election in 1880 of a successor to a judge of probate whose term expired in August, 1880.

2. **Construction of Statutes.**   It is only where the phraseology of an act is ambiguous that resort may be had to the intention of the legislature to aid in its construction.

*Quo  Warranto.*

WRIT DISMISSED.

*Burden & Son* for relator.

As there could not be uniformity in the probate system without uniformity in the elections of the judges, the election and terms of the judges being a part of the scheme of organization, and àn irregularity in this respect besides being a great public inconvenience, the design of the constitutional provision and of the legislature, was to provide for the election of all probate judges as their terms expired, one class to be elected at the general election in 1878, and the other in 1880, and all of them at the general election in 1882; thus consulting public convenience and complying with the settled and well recognized policy of the State, which is adverse to the continuance of men in office for long and indefinite periods; (*State v. Pearcy*, 44 Mo. 161;) and in accord with section 8, article 14, constitution 1875,

that the term of any office should not be extended for a longer period than that for which he was elected or appointed; for, if the acts creating the probate courts, and providing for the election of the judges thereof, are repealed, and then the legislature omitted to provide for an election for those whose terms had expired, it would be, partly by commission and partly by omission, extending their terms.

If section 1192 is to be enforced according to its letter, and the whole spirit and purpose of the laws on the subject ignored, we then have the legislature, with an intention to make the elections of probate judges uniform, providing for the election in November, 1880, of those judges "whose terms do not expire until the 1st day of January, 1881," and permitting others, whose terms expire before the 1st day of January, 1881, to hold over until January 1st, 1883, without any election until November, 1882. This is a case in which the strict letter of the law should yield to the manifest intent. *State v. Emerson*, 39 Mo. 89; *Spitler v. Young*, 63 Mo. 44; *Riddick v. Walsh*, 15 Mo. 535; *Connor v. R. R. Co.*, 59 Mo. 285; Potter's Dwarris Stat. and Con., 127, 128.

*A. F. Alexander* and *Ryland & Ryland* also for relator.

The office held by respondent at the time of the adoption of the constitution of 1875 was within the meaning of section 42, article 6 of that instrument, and ceased to exist on the 4th day of August, 1880, that being the day on which the term for which he was elected expired. The probate courts provided for by the act of 1877, were new creations, not mere continuations of the former courts. By that act respondent was made *ex officio* judge of the new court, by virtue of his old office, and so long as that office should continue in existence. When that office ceased to exist (August 4th, 1880), he could no longer hold the new office by an *ex officio* tenure; and the new office, there-

fore, became vacant. Being vacated it was to be filled by the Governor until the 1st day of January, 1881; and the law required the election at the general election in 1880, of an incumbent to fill the unexpired term. R. S.; §§ 1070, 1177, 1178, 1192.

*Wallace & Chiles* and *Alex. Graves* for respondent.

Section 1192 did not authorize the election of a successor to respondent at the November election 1880, because respondent's term did not expire January 1st, 1881, but August 4th, 1880, and it is only those judges whose terms do not expire till January 1st, 1881, whose successors are to be elected in 1880. Hord's election was void. No election can be had unless provided by law. *State v. Jenkins,* 43 Mo. 265; *State v. Lusk,* 18 Mo. 341; *State v. Robinson,* 1 Kas. 17; *People v. Mathewson,* 47 Cal. 442; *People v. Weller,* 11 Cal. 49; *People v. Martin,* 12 Cal. 409; *State v. Collins,* 2 Nev. 351; *Com. v. Baxter,* 35 Pa. St. 263; *Ex Parte Dodd,* 11 Ark. 152; *People v. Comstock,* 78 N. Y. 356; *State v. Fiala,* 47 Mo. 318; *State v. Benedict,* 15 Minn. 198.

HENRY, J.—On the 4th day of August, 1874, the respondent was elected judge of the probate court of Lafayette county for the term of six years, and was commissioned and qualified and entered upon the discharge of the duties of the office. It is agreed that his term of office expired in August, 1880. At the general election in November, 1880, Jas. B. Hord was elected to said office, and the only question to be determined relates to the validity of that election. If it was authorized by law, Hord is entitled to the office, otherwise respondent holds under his election in 1874, and until a successor shall be duly elected and qualified.

By section 34, article 6, constitution 1875, it is provided: "The general assembly shall establish in every county a probate court, which shall be a court of record,

and consist of one judge, who shall be elected. Said court shall have jurisdiction over all matters pertaining to probate business, to granting letters testamentary and of administration, the appointment of guardians and curators of minors and persons of unsound mind, settling the accounts of executors, administrators, curators and guardians, and the sale or leasing of lands by administrators, curators and guardians; and also jurisdiction over all matters relating to apprentices; *Provided*, That until the general assembly shall provide by law for a uniform system of probate courts, the jurisdiction of probate courts heretofore established, shall remain as now provided by law." And by section 35, article 6, constitution of 1875, it is further provided: " Probate courts shall be uniform in their organization, jurisdiction, duties and practice, except that a separate clerk may be provided for, or the judge may be required to act, *ex officio*, as his own clerk." And by subsequent legislation under these constitutional provisions, embraced in the act of April 9th, 1877, (Acts 1877, p. 229,) and the amendment thereof, as incorporated in the present Revised Statutes of 1879, page 209, section 1177, it is provided that "at the general election in the year 1878, and every four years thereafter, except as hereinafter provided, a judge of probate shall be elected by the qualified voters in every county. Said judge shall be commissioned by the Governor, and shall take the oath prescribed by the constitution for all officers, and shall enter upon the discharge of his duties on the 1st day of January ensuing his election, and continue in office for four years, and until his successor shall be duly elected and qualified," and by section 1192, Revised Statutes 1879, page 211, (Laws 1877, p. 231, § 18 amended,) it is provided that "all probate and *ex officio* probate judges now in office shall continue in office and discharge all the duties of judges of probate under this article until the expiration of the terms for which they were respectively elected, and shall receive in full satisfaction for their services until the expiration of the time for which

they were elected, the compensation now provided by law, anything in this article to the contrary notwithstanding, except such *ex officio* probate judges as have jurisdiction of a part only of the county, in which case they shall receive the same compensation that they receive while sitting as judges of the county court, and no more; *Provided*, that in all counties where the county courts, or any member thereof, have by the present existing law, probate jurisdiction, there shall be a judge of probate elected for such counties at the general election in the year 1878, and every four years thereafter; and in every county where, under existing laws, there shall be a judge of probate whose term of office does not expire until the 1st day of January, 1881, there shall be a judge of probate elected for such county at the general election in the year 1880, who shall hold his office for two years from said 1st day of January; and in the year 1882, and every four years thereafter, in said county, a judge of probate shall be elected."

The sections of the constitution and statutes above quoted, are all that have any material bearing on the subject. There is no ambiguity in either of the sections of the statute. By the latter it is expressly provided that in every county, where under existing laws, there shall be a judge of probate whose term of office does not expire until the 1st day of January, 1881, there shall be a judge of probate elected for such county at the general election in the year 1880, etc. There can be no election not authorized by law. The language of section 1192 did not authorize the election of a probate judge at the November election 1880, except for those counties the terms of whose probate judges did not expire until the 1st day of January, 1881.

But it is contended that it was the intention of the legislature to provide for an election in every case where the incumbent's term of office had expired, either on or before the 1st day of January, 1881, and that the obligation to make such provision was imposed upon the general assembly by the constitutional provisions above cited. Sec-

tion 35 of the constitution requires uniformity in the organization, jurisdiction, duties and practice of the probate courts; but all this may be attained without having an election for a probate judge in every county in the State at the same time. But, conceding that it was the intention of both the framers of the constitution and the members of the general assembly, that there should be uniformity in this respect also, we cannot give effect to that intention against the clear expression of the act of the legislature. Resort may be had to the intention of the legislature, when it can be ascertained, in the construction of an act whose phraseology is ambiguous, but when the language of the act clearly expresses a specific purpose in conflict with the alleged general intent, it would be an exercise of legislative power by the courts, to give effect to such general intent, against the express provision of the act. What would be the limit of such authority, if claimed by the courts? Can they go outside the language of the act to ascertain that the legislature meant one thing when it declared another, and give the act a construction in harmony with such ascertained intent? The proposition furnishes its own refutation.

The sections of the constitution on this subject are not self-enforcing. The constitution does not establish the probate courts, or the uniformity which it requires. Legislative enactments are required to carry those provisions into effect. We cannot amend section 1192 by striking the words "not" and "until" from the proviso and adding other words to make it read that "in every county where under existing laws, there shall be a judge of probate whose term of office shall expire on or before the 1st day of January, 1881, there shall be a judge of probate elected," etc. That such are the changes in the reading of that section necessary to support the views of the relator, is conclusive on the question under consideration. The writ is dismissed. All concur.