In Matter of Estate of JAMES CAMPBELL; JOHN S. LEAHY, Administrator Pendente Lite, Appellant, v. FLORENCE A. CAMPBELL et al; MERCANTILE TRUST COMPANY, Executor.

In Banc, April 27, 1918.

1. **PARTIES TO ACTION: Interloper: Appeal from Order Appointing Administrator Pendente Lite.** The circuit court, on an appeal from an order of the probate court, acquires jurisdiction only of the particular order or judgment appealed from and the parties thereto. Where certain persons filed in the probate court an application for the appointment of an administrator *pendente lite;* on the ground that they had instituted suit in the circuit court contesting decedent's will, the whole contest in the probate court was one between the applicants for the suspension of the testamentary

Leahy v. Campbell.

executor and the appointment of an administrator *pendente lite*, on the one side, and such executor and the devisees, on the other, and from the order sustaining the application an appeal was taken to the circuit court by the executor and devisees, the jurisdiction of the circuit court, and of the Supreme Court on appeal, is confined to a consideration of that application, and to that proceeding the administrator *pendente lite*, appointed after the order of suspension was made, is not a party, was not and could not have been a party in the probate court, and is not entitled to appeal from the judgment of the circuit court denying the application, but his motion in the circuit court to dismiss the appeal was that of a mere interloper; and his appeal from its judgment must be dismissed.

2. **MOOT CASE: Appeal: Dismissal.** An appellate court should dismiss an appeal in a case which has become a moot case by reason of events which have occurred subsequently to the appeal.

3. ———: **Determined by Record in Another Case.** And the appellate court may examine its own records in another case for the purpose of ascertaining that the instant case has become a moot case.

4. ———: **Administrator: When Entitled to Fees.** Administrators are not paid for being qualified to act, but they are paid for services actually rendered to the estate. They are not to be paid for services to be performed nor for a willingness to perform, nor for being qualified to perform, but only for services actually performed.

5. ———: **Administrator Pendente Lite: Dismissal of Appeal After Will Has Been Sustained.** Where application was made to the probate court for the appointment of an administrator *pendente lite* of decedent's estate, on the ground that the applicants had filed suit in the circuit court to contest the will, and from an order sustaining the application the testamentary executor and legatees appealed to the circuit court, where the application was denied, from which judgment the administrator *pendente lite*, who had done nothing towards administering the estate except to file bond at the time of his appointment, appealed to the Supreme Court, and thereafter the suit contesting the will was by that court decided adversely to the contestants before the submission of his appeal, he, by that decision, instantly became *functus officio*, and his appeal a mere moot case, and he has no claim to fees that will save his appeal from dismissal.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas C. Hennings*, Judge.

APPEAL DISMISSED.

*Wm. C. Marshall, Major & Revelle, Chas. P. Williams* and *Geo. B. Webster* for appellant.

(1) The affidavits for appeal below, filed in the probate court were, if anything, only from the order of the probate court, suspending the executor. (2) The right to an appeal is statutory. State ex rel. v. Woodson, 128 Mo. 514; State ex rel. v. Talty, 139 Mo. 379; Kansas City v. Railroad, 189 Mo. 261; Star Bottling Co. v. Exposition Co., 240 Mo. 634. The fourth clause of Sec. 3956, R. S. 1909, was relied upon, to a large extent, below. This cannot, consistently with our decisions, be given an unrestrained meaning. Baker v. Runkle's Executor, 41 Mo. 394; State v. Hoster, 61 Mo. 544; In re Duty's Estate, 27 Mo. 43; Baptist Church v. Robberson, 71 Mo. 348; In re Crouse, 140 Mo. App. 545; State ex rel. v. Fowler, 108 Mo. 465; In re Flick, 212 Mo. 275, 136 Mo. App. 164; State v. Reddish, 148 Mo. App. 721; State v. Holtcamp, 185 S. W. 203; Marshall v. Shoemaker, 164 Mo. App. 429; Looney v. Browning, 112 Mo. App. 195; Sheridan v. Fleming, 93 Mo. 321; Railroad v. St. Louis, 92 Mo. 160; Aldridge v. Spears, 101 Mo. 400; Haynes v. County Court, 135 Mo. App. 108; Scott County v. Leftwich, 145 Mo. 26; State v. Fraker, 166 Mo. 140. It is plain from the foregoing, that the fourth clause of Section 3956 must be limited by construction. (3) Addressing ourselves to its construction, it is plain in the first place that it must be limited to such orders and judgments as are final in their nature. (a) Upon general principles. Baker v. Runkle, 41 Mo. 394; Woerner on Administrations (2 Ed.), sec. 545; 2 Ency. P. & Pr. 52; Loveland on Appellate Jurisdiction, sec. 39. (b) By the general statutory policy of this State. R. S. 1909, secs, 289, 395, 463, 473, 2038, 2054, 2055, 2090, 2380, 4091, 4118, 4142, 4198, 4207, 4255, 4289, 4297, 4315, 5292, 5293. (c) By the express interpretation of this very statute. Haynes v. County Court, 135 Mo. App. 113; Coleman v. Farrar, 112 Mo. 72; Scott County v. Leftwich, 145 Mo. 31; In re Crouse, 140 Mo. App. 551; Aultman v.

Seiberling, 31 Ohio St. 201. It thus adds nothing to
the last clause of Sec. 289, R. S. 1909; (4) It is further
plain that Section 289 is a part of a special code or
scheme of laws. *Expressio unius exclusio alterius est.*
In re Duty's Estate, 27 Mo. 43; First Church v. Rob-
berson, 71 Mo. 340; Aldridge v. Spears, 101 Mo. 406;
In re Crouse, 140 Mo. App. 555; In re Brinkwirth's
Estate, 186 S. W. 1050; State ex rel. v. Grover, 108
Mo. 469; Marshall v. Estate of Shoemaker, 164 Mo.
App. 437; Morris v. Morris, 128 Mo. App. 676; In
re Estate of Rooney, 163 Mo. App. 389. (5) Section
3956 does not undertake to confer jurisdiction, but to
prescribe the court to which appeals shall go when
expressly provided for. In re Estate of Rooney, 163
Mo. App. 389; Morris v. Morris, 128 Mo. App. 676.
(6) An appeal will not lie, under the fifteenth clause
of Section 289, from the order of suspension, which is
the act of the law. Wherever a status is created by
the law, it is clearly contrary to the policy of the law
to allow an appeal. (7) The effect being the same,
the reasoning is the same with respect to an order ap-
pointing the administrator *pendente lite.* That order is
not final, any more than, or as much as, an order ap-
pointing an interlocutory receiver in chancery proceed-
ings. Greeley v. Railway, 123 Mo. 157; Bank v. Whit-
ney, 121 U. S. 284. (8) The proceeding to appoint an
administrator *pendente lite* is not only *ex parte* but it is
not a case wherein a final decision can be rendered
within the meaning of Clause 15, Sec. 289, R. S. 1909.
Haynes v. County Court, 135 Mo. App. 108; Barnett v.
County Court, 111 Mo. App. 693; State ex rel. v.
Guinotte, 156 Mo. 519. (9) No appeal will lie, under
the general language of Clause 15, Section 289, because
it would nullify the adjudged purpose back of Section
21, which is a particular statute, designed to secure
uninterrupted administration. Rogers v. Dively, 51
Mo. 196. (10) Such an appeal will not lie, under the
fifteenth clause, because it would nullify the adjudged
purpose of section 21, to put the estate into the hands of

a neutral and disinterested person. State ex rel. v. Imel, 243 Mo. 186; Hawkins v. Cunningham, 67 Mo. 415. (11) No appeal will lie from an order appointing an administrator *pendente lite* over property remaining in the custody of the probate court, because it is not contemplated that the circuit court should substitute its judgment and discretion in appointing a custodian for property not in its custody. Barnett v. County Court, 111 Mo. App. 693. (12) The rulings in this State plainly indicate that no appeal will lie. State ex rel. v. Moehlenkamp, 133 Mo. 137; Woerner, Law of Administration, sec. 545, p. 1198; State ex rel. v. Imel, 243 Mo. 186; State ex rel. v. Fowler, 108 Mo. 465; State ex rel. v. Holtcamp, 267 Mo. 420; Flick v. Schenk, 212 Mo. 275; In re Flick, 136 Mo. App. 164; State ex rel. v. Reddish, 148 Mo. App. 721; Marshall v. Estate of Shoemaker, 164 Mo. App. 429. (13) There is no appeal under clause 9 of Section 289. To suspend is not the same as to revoke. State ex rel. v. Moehlenkamp, 133 Mo. 137; State ex rel. v. Moehlenkamp, 133 Mo. 137. State ex rel. v. Imel, 243 Mo. 185; Robards v. Lamb, 89 Mo. 303; In re Ellmaker's Estate, 4 Watts (Pa.), 34-36; Ex parte Worthington, 54 Md. 361; Cole v. Woodin, 18 N. J. 20; Marshall v. Estate of Shoemaker, 164 Mo. App. 429; State v. Melvin, 166 Mo. 565. (14) A person does not have to be a technical party in order to be entitled to take an appeal; it is sufficient that the judgment injuriously affects his rights—that he is "aggrieved" thereby. In re Switzer, 201 Mo. 66; In re Whicker, 187 Mo. App. 102; Thomas v. Elliott, 215 Mo. 603; State ex rel. v. Shelton, 238 Mo. 297. (15) In the present proceeding there were no technical parties and that the matter was not *inter partes* at all. The proceeding in the probate court was the appointment of a temporary administrator to conduct and administer property under the control of the court, which property was without any qualified or authorized executor or administrator at all. To that proceeding there were no parties, any more than there

can be said to be parties to a proceeding to probate a will or to appoint a regular executor or administrator. All are in the nature of proceedings *in rem*, binding upon the world until reversed or set aside in a direct proceeding authorized by law. They result in the establishment of a status binding upon creditors, debtors, heirs and devisees alike, until so reversed or set aside. Any other holding would be disastrous indeed. Weorner on Administration (2 Ed.), sec. 263, sec. 227; Schouler on Wills and Administrations (5 Ed.), sec. 1120-A; Woerner and Wislizenus on the Law of Decedent's Estates, sec. 349; Quidort v. Pergeauz, 18 N. J. Eq. 477. Such being the nature of the proceeding in the probate court, such equally must have been its nature upon appeal to the circuit court. If the appellant was aggrieved by the judgment to which he, with all the world, was privy, he certainly had a right of appeal. (16) Was the appellant aggrieved by the judgment below? John S. Leahy was appointed by the probate court administrator *pendente lite* of the estate of James Campbell, deceased. He qualified and gave bond as required by the order of appointment. That completed appointment invested Leahy with an official capacity and with official functions with respect to that estate. It was his official duty and his official privilege to exercise his functions in the administration of that estate. Let us assume now that the law of Missouri permitted no appeal from such an appointment. That was appellant's contention below, and that is his contention here. If that contention is well founded, any attempt to prevent the exercise by him of his official functions and duties, or to nullify his official character (upon the maintenance and assertion of which the performance of such official functions and duties depended) by any person, or by any method, unauthorized by law (whether by pretended appeal or otherwise) should have been resisted by him in his official capacity. If this is not true, then no officer of this court should resist any attempt to strip him of the official functions

and duties with which he was here invested, but such officer should accept the decree and findings of such courts without any attempt at defense, without any effort to maintain his rights, and should at once bow in utter and complete subservience to their unwarranted *fiat*. If no appeal did lie, then every step in connection with that appeal was *coram non judice* and void. Nevertheless, by the judgment of the circuit court, the appellant was effectively prevented as such temporary administrator from the performance of his duties— from the administration of the property composing the estate—to which, in his official capacity, he was rightfully entitled. He was further prevented by such unauthorized action of the circuit court from earning as such official the fees and commissions which would have been allowed to the temporary administrator for his services. To say, therefore, that he was not a party aggrieved or that because he was not a technical party to this proceeding, and, therefore, could not appeal, would be in conflict with the fundamental doctrine of our whole system of appellate procedure. Furthermore, Leahy, administrator *pendente lite,* appeared as a party to the proceeding in the circuit court without any objection. He was permitted to file motions, make objections to evidence, introduce evidence, file motion for rehearing, which was argued and overruled on its merits, given leave to file a bill of exceptions, o. k.'ed by the very counsel who now raise this technical point, granted an appeal and allowed to file an appeal bond. Having been thus treated as a party, it seems incongruous that the adverse side should now take the position that while he had the right to be heard below, he has no right to be heard here. In the next place, the right of appeal here is to be construed in connection with the statute granting an appeal from the probate to the circuit court. Finally, in all the cases (even in those cited and relied on by the respondents) the administrator *pendente lite* was treated as a proper party where his appointment was called in question. (17) The

questions involved in this record are not moot, but substantial. An administrator *pendente lite* is entitled, under the statute, to the same fees and compensation during the time he serves, or is entitled to serve, as is provided for the regular administrator. Hawkins v. Cunningham, 67 Mo. 415. If appellant in this case has been entitled since his appointment to serve as administrator *pendente lite,* he is entitled to whatever fees and compensation the law provides for services of an administrator or executor during that period, and with an estate of this size and value, such fees constitute a substantial and valuable interest, and entitle him to be heard on such legal questions as may in this or some subsequent proceedings be vital to their collection.

*Judson, Green & Henry, Schnurmacher & Rassieur, Samuel A. Mitchell, Morton Jourdan Sullivan & Cromwell* and *Edw. V. P. Schneiderhahn* for respondents.

(1) The statute prescribes who may contest validity of will and how. R. S. 1909, sec. 555. (2) Plaintiffs, to contest a will, must be "interested" within the meaning of the law. Lamb v. Helm, 56 Mo. 428; Hogan v. Hinchey, 195 Mo. 532; State ex rel. Damon v. McQuillin, 246 Mo. 693; Gruender v. Frank, 267 Mo. 718. (3) The power of the probate court to appoint an administrator *pendente lite* is derived from Sec. 21, R. S. 1909. And this is dependent on Section 555. R. S. 1909, secs. 21, 555; Catholic Church v. Toebben, 82 Mo. 418; State ex rel. v. McQuillin, 246 Mo. 693; State ex rel. v. Moehlenkamp, 133 Mo. 134; Gruender v. Frank, 267 Mo. 718. (4) Section 21 does not automatically suspend letters. R. S. 1909, sec. 21; Lamb v. Helm, 56 Mo. 420; State ex rel. v. McQuillin, 246 Mo. 674, 1. c. 688; State ex rel. v. Moehlenkamp, 133 Mo. 134; Hanley v. Holton, 120 Mo. App. 393. (5) Sec. 289, R. S. 1909, makes provision for appeals from decisions of the probate court, enumerating fourteen in-

stances in which appeals may be had. The "ninth clause" allows appeals from all orders "revoking" letters testamentary or of administration. (a) Suspension is revocation and has always been treated as such. Secs. 55 and 56, 1909, apply for settlement, as in the case of revocation. State ex rel. v. Moehlenkamp, 133 Mo. 134; State ex rel. v. McQuillin, 242 Mo. 688; Hanley v. Holton, 120 Mo. App. 393. (b) There is a distinction, as respects the right of appeal between appointment and revocation. Hall v. County Court, 27 Mo. 329; State ex rel. v. Allen, 92 Mo. 20; Grover v. Fowler, 108 Mo. 465; Flick v. Schenk, 212 Mo. 275. (c) This right has been judicially recognized and was never questioned. No case has denied it. Rogers v. Dively, 51 Mo. 193; Lamb, Admr., v. Helm, 56 Mo. 420; Archor v. Sullenger, 137 Mo. App. 373. (d) The recognition is good evidence of what the law is. Venable v. Railway, 112 Mo. 125; Donnell v. Wright, 199 Mo. 316; Julian v. Kansas City Star, 209 Mo. 102. (6) The appeal was from a final decision of a matter arising under the provision of the Administration Act. Section 289, in its fifteenth clause provides for an appeal "in all other cases where there shall be a final decision of any matter arising under the provisions of Articles 1 to 13, inclusive of this chapter." McCrary v. Menteer, 58 Mo. 446; Seymour v. Seymour, 67 Mo. 303; Hawkins v. Cunningham, 67 Mo. 415; In re Estate of McCune, 76 Mo. 200; State ex rel. v. Moehlenkamp, 133 Mo. 134; State ex rel. v. Bland, 189 Mo. 215; Hanley v. Holton, 120 Mo. App. 393; Hawkins et al. v. Troll, 156 Mo. App. 153; In re Estate of Rooney, 163 Mo. App. 392. (7) The right of appeal is sustained by the express langunage of Section 3956 definding appellate jurisdiction of the circuit court in all cases not expressly prohibited by law. R. S. 1909, sec. 3956; Hall v. Audrain County, 27 Mo. 329; McVey v. McVey, 51 Mo. 406; Colville v. Judy, 73 Mo. 651; Cox v. Drake, 34 Mo. App. 81; State ex rel. v. Wiethaupt, 238 Mo. 155; Fitzmaurice v. Turney, 256 Mo. 187; Brockman v. Webb,

189 Mo. App. 475. (8) The right of appeal is favored in the law. State ex rel. v. Bland, 189 Mo. 197, 215; In re Switzer, 201 Mo. 87.

GRAVES, C. J.—The case now here originated in the probate court of the city of St. Louis. James Campbell died June 12, 1914, leaving a will, by the terms of which the Mercantile Trust Company was made the executor. This will was on June 16, 1914, duly probated in the probate court of the city of St. Louis, and the Mercantile Trust Company duly qualified as executor, and letters testamentary were issued to it by that court, and said Mercantile Trust Company entered upon the discharge of its duties as such executor. Whilst the Mercantile Trust Company had possession of and was administering upon the estate of the said James Campbell, Margaret C. Harrison and others instituted a suit in the circuit court contesting this will. The filing of this suit was in the following October.

After the filing of this contest proceeding the present case originated in the probate court by the filing of the following petition:

In the Probate Court, City of St. Louis, State of Missouri.

September term, 1914.

In the Matter of the Estate of  
James Campbell, deceased.  } No. 43709.

To the Honorable Charles W. Holtcamp, Judge of said Court:

And now come Margaret C. Harrison, Mamie S. Spargo, James G. Campbell, Archie W. Campbell and Genevieve Baker, petitioners, and respectfully represent that on the 3rd day of October, 1914, they caused to be filed in the office of the clerk of the circuit court of the city of St. Louis, Missouri, a petition, as required by law, to contest the will of James Campbell, deceased, which said will was probated herein on the 18th day of June, 1914, and the title of which said cause is as follows, to-wit:

"In the Circuit Court of the City of St. Louis, Missouri,

December Term, 1914.

"Margaret C. Harrison, Mamie C. Spargo, James C. Campbell, Archie W. Campbell and Genevieve Baker,

Plaintiffs.

vs.

"Florence A. Campbell, Lois Ann Burkham, Wife of Elzey G. Burkham, Mercantile Trust Company, purporting to be Executor and

Trustee of the purported will of James Campbell, deceased, and St. Louis University of the City of St. Louis, Missouri,
Defendants."

Your petitioners therefore pray that an administrator *pendente lite* be appointed herein, as by statute provided, to take charge of the property of said estate and to administer the same according to law. And your petitioners will ever pray, etc.

Margaret C. Harrison,
Mamie C. Spargo,
James C. Campbell,
Archie W. Campbell, and
Genevieve Baker,
By L. Frank Ottofy,
Their Attorney.

This petition was contested in the probate court. Mr. Leahy was not a party to that contest, and in the very nature of things could not have been a party. The probate court in an opinion filed made the following statement.

"*The authority of the Mercantile Trust Company as executor under the will of James Campbell is hereby suspended and it is ordered to settle to such suspension* with the administrator *pendente lite* and John S. Leahy is hereby appointed administrator *pendente lite* of the estate of said James Campbell, deceased, upon giving bond with sufficient surety approved by the court in the sum of ten million dollars, the court reserving the right to increase his said bond if at any time during the administration of the estate the reasonable value of the assets of said estate should require additional surety."

The same in modified form was included in a final order made the day Mr. Leahy tendered his bond and had the same approved. This modified order fixing a temporary and a final bond will be noted in the opinion. This order was entered of record a day or so after the filing of the opinion mentioned, supra.

It is important here to note the appeal which was actually taken. Four parties appealed from the order of the probate court, but it is important to get the appeal which they actually took. They all appealed from that portion of the order of the probate court suspending

274 Sup.—23

the Mercantile Trust Company as executor. Mrs. Campbell and Mrs. Burkham (*nee* Campbell) joined in one affidavit. In their affidavit they appealed, in the language of the affidavit, "from the order of October 22, 1914, suspending and revoking letters testamentary of Merchantile Trust Company, executor of the last will of said James Campbell, deceased."

The affidavits of the other two appellants, Mercantile Trust Company and St. Louis University, are more general, but it is clear that their appeal was to the same effect as that of Mrs. Campbell and Mrs. Burkham. In fact, the order of the probate court granting the appeals so shows. This order as to Mercantile Trust Company reads: "I do further certify that on the 28th day of October, 1914, in vacation, after the adjournment of said court for the September term, 1914, thereof, and within ten days thereafter, the Mercantile Trust Company, executor of the last will of James Campbell, deceased, filed in my office an affidavit and bond for an appeal from the order of said court, of date October 22, 1914, *suspending the letters testamentary granted to the Mercantile Trust Company,* as executor of the last will of said James Campbell, deceased, to the circuit court, city of St. Louis, which said affidavit and bond were duly approved by the judge of said probate court and said appeal allowed." The italics are ours. The order granting the appeals to Mrs. Campbell, Mrs. Burkham and the St. Louis University are in the same language, and they need not be quoted. Leahy was never a party to the contest, unless the order appointing him had the effect of making him a party.

The judgment of the circuit court, which is appealed from in the case before us, contains this language: "therefore, the application of the contestants to suspend the letters testamentary of the executor under said will for the appointment of an administator *pendente lite* is denied."

The application referred to in this judgment we have set out in full above. It is the application of

Margaret C. Harrison et al. This application the probate court sustained, and this application on trial *de novo* in the circuit court, said circuit court, by the judgment above, denied. Neither Margaret C. Harrison, nor either of her four co-appellants, took any appeal from the judgment of the circuit court denying their application. They remained mute, satisfied with the judgment from which this appeal was taken. Leahy alone undertakes to appeal. This sufficiently outlines the case.

I. We are of the opinion that Leahy was not a party to the proceeding disclosed by this record, and for that reason his appeal should be dismissed. We have purposely and at length set out the record in this case, to the end that it might be seen who were the real parties interested in this proceeding. No appeal was taken from the order appointing Leahy administrator *pendente lite*. The probate court's order we have set out in the statement so shows. This record says that the Mercantile Trust Company and the other appellants "filed in my office an affidavit and bond for an appeal from the order of said court, of date October 22, 1914, *suspending the letters testamentary granted to the Mercantile Trust Company,* as executor of the last will of said James Campbell, deceased, to the circuit court, city of St. Louis, which said affidavit and bond were duly approved by the judge of said probate court and said appeal allowed."

*Parties to Action.*

So ran all the appeals taken. No appeal was taken from that portion of the said order designating Leahy as administrator *pendente lite*. The circuit court never tried that matter, as its judgment shows, because that court by its judgment only said: "Therefore, the application of the contestants to suspend the letters testamentary of the executor under said will and for the appointment of an administator *pendente lite* is denied." The whole question in the circuit court was that portion of the probate court order which suspended the letters

testamentary of the Mercantilie Trust Company. The whole thing decided there, was that the application of Margaret C. Harrison et al. should be denied. The contest in the probate court and in the circuit court was one between Margaret Harrison et al., applicants for an administrator *pentente lite,* on the one side, and Mercantile Trust Company, testamentary executor, and the devisees under the will, on the other side. Leahy was not a party to this fight in the probate court and could not have been in the very nature of things. Even after he was appointed no appeal was taken from that portion of. the order. The circuit court only acquired jurisdiction over the matter litigated and fought out in the probate court, from which the appeal was taken. The appeal bonds given did not act as *supersedeas* to any other matter.

In Branson v. Branson, 102 Mo. l. c. 620, BLACK, J., has well said: "The statute provides in express terms that the appeal in probate matters shall not be a *supersedeas* in any other matter relating to the administration of the estate, *except that from which the appeal is specially taken;* and the proceedings had in the circuit court must be certified back to the probate court. [R. S. 1879, secs. 297, 300.] It is, therefore, clear that the appellate court acquires jurisdiction only of the particular order of judgment appealed from. It is that order and that only which it can consider. Nor does the appellate court carry into effect its own order, but its decision is certified to the probate court, which proceeds in conformity therewith."

To reiterate it should be said the contest in the probate court was not whether Leahy should or should not be administrator *pentente lite.* That contest involved but one question, and that question was, whether or not an administrator *pentente lite* should be appointed. Not the question whether Leahy should or should not be appointed. In other words the thing to be determined in the probate court was whether. or not, under the facts, there was a place to be filled by an administrator

*pentente lite,* and not as to who should fill the place. Upon this issue, made by the written petition of Margaret Harrison et al., the lines were sharply drawn. The Mercantile Trust Company, Executor, and the devisees of the will were on one side, and Margaret Harrison et al. on the other. Prospective appointees to the place, if such place was found to exist, were not interested parties to the proceedings, and could not be parties to the contest. If they could not be in the probate court, they could not be in the circuit court upon appeal, because the circuit court could only try anew the matter tried in the probate court. Leahy was never a party to that controversy, and his motion in the circuit court to dismiss the appeals was that of an interloper. Cases like In re Switzer, 201 Mo. 66, and others relied upon to demonstrate Leahy's right to appeal to this court, have no application to the facts of this case.

II. The most serious question in this case, is that we are called upon to determine an absolutely moot case. We may, for the sake of the argument upon this point, grant the right to Leahy to appear in the circuit court and to appeal to this court, and yet his appeal to this court should now be dismissed, because his case has become a mere moot case.

Moot Case.

It is urged in appellant's briefs that the case of State ex rel. v. Imel, 243 Mo. 178, has no application to this case because the facts are different, and that it is no authority against the contention of appellant in this case. It is true that Imel's case and this case are not "gray mules" cases. But Imel's case is authority, and the very strongest authority, for the proposition that this court will not hear and determine a mere moot case. [State ex rel. v. Imel, 243 Mo. 1. c. 189.] On this page LAMM, J., collates the cases, both in and out of Missouri, sustaining the proposition. To the interested this reference will suffice. It is likewise authority for the rule that an appellate court should dismiss the

appeal in a case which has become a mere moot case by reason of events which have occurred subsequent to the appeal. For this rule the learned judge has likewise collated the case law, and from the case law thus formulated the rule: "And where, as in this case, events have happened making it impossible for an appellate court to grant effectual relief on appeal, the appeal will be dismissed, although such facts do not appear on the record, but appear extrinsically."

Now it may be true that Leahy's case has not become a moot case by treading the exact pathway described in the Imel case, but if by any pathway it has reached the status of a mere moot case the rule in Imel's case applies.

Let us get the facts and occurrences in the Leahy case. His appointment thus appears from the probate record: "that John S. Leahy be and he is hereby appointed administrator *pendente lite* of the estate of said James Campbell, deceased, remaining unadministered, pending such contest, and that he now give bond, as such administrator, in the sum of ten thousand dollars, and upon his receiving the assets of said estate his bond as such administrator is to be increased to the sum of ten million dollars. And thereupon comes said John S. Leahy, administrator *pentente lite* as aforesaid, and tenders his bond as such administrator in the sum of ten thousand dollars, which bond being examined by court is approved and ordered to be filed and recorded."

So far as the record before us shows Leahy never got further than giving the $10,000 bond mentioned in this order. He never qualified under the order, so as to receive and *hold* the assets of the estate. It is not contended that he ever got possession of the estate. Our records show that the will case was finally determined here, adverse to Margaret Harrison et al., prior to the submission of the instant case. *Vide* State ex rel. v. Imel, 243 Mo. l. c. 187 and 189, for our authority to examine our own records.

Discussing the section of law authorizing the appointment of an administrator *pentente lite,* this court in Hawkins v. Cunningham, 67 Mo. l. c. 417 and 418, has thus described such an administrator: "This section distinguishes betwixt an administrator appointed pending the contest of a will and the executor appointed by the will or an administrator with the will annexed. The latter is termed the regular administrator. The administrator appointed while the suit is pending is only a temporary or special administrator. In the case of Lamb v. Helm, Admx., 56 Mo. l. c. 433, this court said: 'Such special administrators occupy more nearly the position of a receiver who acts under the direction of the court, than they do the position of a general administrator." To like effect in State ex rel. v. Imel, 243 Mo. l. c. 186.

Now when this court dismissed the appeal of Margaret Harrison et al. in the will contest case, as it did prior to the submission of this case, the alleged appointment of John S. Leahy, appellant here, was at once vacated. We again quote from the learned opinion in Imel's case, 243 Mo. l. c. 186: "By analogy, his office is said to be in the nature of a receivership; and, when the contest is at an end and the validity of the will established, his term of office expires and his right to act ends. The executor or regular administrator c. t. a. becomes again qualified to act in the administration of the estate. So, when that time comes the provisional administrator is *functus officio.* He must step down and out *instanter,* settle and turn over 'the money and property of the estate to the executor or regular administrator, who, by that token, comes into his own again. [R. S. 1909, sec. 21, supra; Robards v. Lamb, 76 Mo. l. c. 194; Robards v. Lamb, 89 Mo. l. c. 311; State ex rel. v. Moehlenkamp, 133 Mo. l. c. 138; Lamb v. Helm, 56 Mo. l. c. 432; Hawkins v. Cunningham, 67 Mo. 415.]"

In the instant case Mr. Leahy never had possession of the Campbell estate. He never performed a single duty imposed by law upon administrators or executors,

nor did he a single act in the line of a receiver. He neither collected nor distributed a single penny of this estate, to the time the law rendered him (to use the language of Imel's case, supra) *"functus officio."* He may have partially qualified himself to act by giving the first limited bond required by the order appointing him, but he never acted. Administrators and receivers are not paid for being qualified to act, but they are paid for services to the estate actually rendered. In the case of administrators, Section 229 fixes the services to be performed and the pay therefor, and as to receivers the court fixes the compensation on the basis of services performed, and not on the basis of services to be performed, or on a willingness to perform services. From the time of his appointment to the date of his statutory demise not a service to this estate was rendered by Mr. Leahy. This is not a case where an officer in a contested election holds his office until ousted. In such case the successful contestant may be entitled to recover for what he would have earned. This is not such a case and cannot be governed by the same rules. Administrators and receivers must serve the estate before they are entitled to compensation. Their compensation, under the law, is based upon actual service in the preservation and distribution of the estate. Willingness to perform does not suffice.

Now is this a moot case? What could we do by our judgment? We could not change the fact that, by operation of law, Mr. Leahy was rendered powerless to act, when the appeal of Margaret Harrison et al. in the will case was dismissed. We could not change the fact that Mr. Leahy has performed no services for the estate, for this fact is emblazoned on every page of this record. We could not change the law that it is only for services actually performed that an administrator or receiver is entitled to compensation. The most that we could do would be to say that there was a period during which Mr. Leahy might have rendered services to the estate,

but that period expired before his appeal was submitted to us for our consideration. We can't restore him to his place. He can't claim for services which he never rendered, and the time has passes for him to render any services to the estate. These things make the case before us a moot case pure and simple, and the appeal should be dismissed, as in the Imel case supra.

III. Whilst I think it can be demonstrated with the accuracy and precision of an Indian's arrow, that an appeal will lie from the probate court to the

**Appeal.** circuit court from an order suspending the letters testamentary of an executor under a will, yet if either of the two propositions above is well founded, such a discussion would be a useless one, and we therefore pass it. But for the reasons expressed in paragraphs one and two, supra, the appeal herein should be dismissed.

It is so ordered. All concur, except *Blair* and *Williams, JJ.*, who dissent; *Bond, J.*, concurs in paragraph two and the result.