IN RE ESTATE OF FOUNTAIN S. MOORE, n. c. m., MARTHA A. CHAPPEL, Guardian, CITY OF ST. LOUIS, Appellant.—No. 39457.—189 S. W. (2d) 229.

Division One, July 2, 1945.

Rehearing Denied, September 4, 1945.

*Joseph F. Holland, George L. Stemmler,* and *James V. Frank* for appellant.

*N. Murry Edwards* for respondent.

BRADLEY, C.—This is an appeal from an order of the circuit court of St. Louis dismissing a proceeding appealed from the probate court.

The proceeding dismissed was initiated by the probate court which of its own motion issued a citation to Martha Chappel, respondent here, as guardian of Fountain S. Moore, a person of unsound mind. Moore had been maintained and supported by the City of St. Louis at its Sanitarium for the insane from October 30, 1933, to July 31, 1938, and the City had, prior to the present proceeding, unsuccessfully sought to collect therefor. See In re Moore's Guardianship (Mo. App.), 148 S. W. (2d) 116. The background for the resistance on the part of the respondent guardian may be inferred, we think, from

a statement in her suggestions in support of her motion filed here to dismiss the appeal. Said statement follows:

"On August 31, 1938, the City of St. Louis, in an effort to collect the alleged debt from this estate, filed a petition in the probate court asking that Judge Arnold (the probate judge) issue an order on this guardian directing her to pay the City $1,141.29 for alleged maintenance of·her ward between October 30, 1931, and July 31, 1938. That petition was granted as prayed by Judge Arnold. Respondent guardian refused to comply with the order and appealed to the circuit court because Fountain S. Moore, ward of this estate, had been taken to the City Sanitarium by the police of the City of St. Louis, where ▉▉▉ he was detained. Soon after Moore had been taken to the City Sanitarium the United States Veterans' Bureau wrote to the Superintendent of the City Sanitarium, asking if Fountain S. Moore was a paid patient or a free patient. The Superintendent of the City Sanitarium wrote the Veterans' Bureau to the effect that\ Fountain S. Moore was a free patient. The United States Veterans' Bureau, upon receipt of the letter that Fountain S. Moore was a free patient, reduced the compensation due him on account of his service in the Spanish-American War by the amount of $25.00 per month, and thereafter Moore's estate drew $25.00 a month less than it was entitled to. Under these circumstances, Fountain S. Moore's guardian considered that the estate did not owe the City of St. Louis anything, and refused to comply with Judge Arnold's order, and thereupon took an appeal to the circuit court." The proceeding commenced August 31, 1938, was decided adversely to the City in the case of In re Moore's Guardianship, supra.

The transcript of the present proceeding filed here shows that the probate court, on March 5, 1943 (March term), upon examination of its record, found that at all times during said guardianship of respondent "there were free assets" in her hands as guardian to amply maintain and support said ward, but that she had not applied for an appropriation for the support and maintenance of her ward; had not paid the City for such and had made no arrangement to do so. Upon such finding the probate court, on the same day, March 5, 1943, issued a citation to respondent, as such guardian, returnable March 25, 1943 (continued to March 26th) to show cause, if any, "why an order for an appropriation for the past support and maintenance of her ward should not be entertained and the City of St. Louis paid therefor."

Limiting appearance for the purpose only, respondent guardian, on March 24, 1943, filed a motion in the probate court to set aside the citation order. March 26, 1943, the motion to set aside was overruled, and a hearing on the citation was continued to April 2, 1943. On April 2, the citation came on to be heard; James V. Frank, assistant city counsellor, was present and entered "his appearance",

but the guardian, "though duly served", did not appear. Whereupon said proceeding was heard, "submitted upon the evidence adduced", and taken under advisement. April 8, 1943 (March term), the probate court found "from the evidence adduced . . . with the aid of James V. Frank, associate city counsellor", that "said ward was, by the City, furnished his board and lodging, medical care and nursing" from October 30, 1933, to September 8, 1940, with the "knowledge and consent" of his guardian; that a city ordinance enacted in 1936, provided that no person shall be admitted free of charge to the City Sanitarium for the insane who is able to pay in whole or in part the cost of his maintenance, treatment, etc.; that the reasonable cost of maintenance and support of the ward was $20.00 per month; that the total indebtedness of the guardian for such support and maintenance of the ward was $1645.61, "of which $1141.29 is the reasonable charge for such support and maintenance, medical attention and nursing up to and including July 31, 1938, for the payment of which no appropriation has ever been made or applied for by" respondent guardian or her predecessor. The order of April 8, 1943, was directed to the guardian and after reciting the findings, as appears, supra, the order concluded as follows:

"Wherefore, it is the judgment of this court that an appropriation, under section 474 Revised Statutes, 1939, of this State, for the past support and maintenance of your ward, as found herein, should have been applied for by you in obedience to section 460 of said statutes, within a reasonable time after your removal of your ward from the care and custody of said City, on September 8, 1940; and by reason of your failure to so apply for such appropriation it is hereby ordered and adjudged that an appropriation of $1,141.29 be and is hereby made for the purpose of paying to the City of St. Louis the aforesaid indebtedness due it for said maintenance and treatments up to and including July 31, 1938; and, as you are now in possession of ample funds of your ward, with which to satisfy said indebtedness, you are hereby ordered and directed, in your fiduciary capacity as guardian of said ward to pay to the City of St. Louis the amount of said appropriation in satisfaction of said indebtedness on or before the 12th day of April, 1943, and to advise this court of your obedience to and compliance with this order on or before April 13, 1943."

April 17, 1943, the guardian (respondent), limiting appearance, filed in the probate court a motion to set aside the order of April 8, purporting to appropriate the funds of her ward to pay the City. The motion to set aside was overruled and the guardian appealed (April 23, 1943) to the circuit court.

May 31, 1944, the guardian, limiting appearance, filed her motion in the circuit court to dismiss the proceeding. The following grounds are stated in the motion: (1) That the proceeding to collect commenced by the probate court is not authorized by law and denies to respond-

ent's ward equal protection of the law in violation of the 14th Amendment, Constitution of the United States; (2) that the time for allowance of demands against the ward's estate had expired long before the commencement of this proceeding in the probate court; (3) that "the matters, things and issues on which the St. Louis probate court instituted this proceeding and entered its orders, judgment and decrees have been adjudicated and the judgment of the St. Louis circuit court in said case of the Estate of Fountain S. Moore, n. c. m., No. 33678, Div. No. 6, and the finding, opinion and mandate of the St. Louis Court of Appeals in the case of Moore's Guardianship, 148 S. W. (2d )116, has found, decreed and adjudicated that the St. Louis probate court does not have authority and jurisdiction to institute this proceeding and to render, enter and enforce the orders of the St. Louis probate court in this proceeding."

The motion to dismiss in the circuit court was sustained on ground No. 3, as we have stated the grounds, and the proceeding was dismissed October 23, 1944. The City appealed December 2, 1944.

Appellant says in the brief that the appeal was taken to the supreme court on the theory that a decision of the question presented involves the construction of Sec. 34, Art. 6, Constitution of 1875. Appellant, in effect, concedes that there is no statutory authority for the kind of proceeding commenced by the probate court of its own motion, but contends that the provision of the Constitution mentioned authorizes such proceeding.

Respondent has filed a motion here to dismiss the appeal. The following grounds for dismissal are stated in the motion:

(1) That the City did not, in this proceeding, file any claim for relief in the probate court and did not ask to be made a party; (2) that the City is not a party to the proceeding and therefore had no right to appeal and could not lawfully appeal; and (3) that the supreme court does not have jurisdiction of the appeal because the amount in dispute is not sufficient. Also, in the motion to dismiss, respondent states as grounds therefor that no motion for a new trial was filed and no bill of exceptions was filed. These last mentioned grounds would ordinarily be more pertinent to a question of consideration on the merits than to a motion to dismiss the appeal.

Should the appeal be dismissed? Sec. 1184, R. S. 1939, Mo. R. S. A., Sec. 1184, in force when this proceeding was commenced, provided that "any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction." It will be noted that Sec. 1184 says that any aggrieved party *to* a suit, etc., may take his appeal. Prior to 1891 Sec. 1184 read "every person aggrieved", etc., may take his appeal. See Laws 1891, p. 70. In 1891 the language "every person aggrieved" was changed to "any party to a suit aggrieved", and Sec. 1184 has,

since 1891, come down without change, so far as concerns the part under consideration. See Laws 1943, p. 390, Sec. 126.

But the City contends that notwithstanding the language of the statute and notwithstanding the fact that it was not a party to the proceeding instituted by the probate court it was *aggrieved* within the meaning of Sec. 1184 by the order or judgment of the circuit court dismissing the proceeding, and therefore, was authorized by Sec. 1184 to appeal. In support of such contention the City cites State ex rel. Connors et al. v. Shelton et al. (banc, 1911), 238 Mo. 281, 142 S. W. 417; Vassilopulos v. Fabianoff, 193 Mo. App. 696, 187 S. W. 106. It was held in what we may term the Connors case that, notwithstanding the language of the statute, *any person* aggrieved could appeal whether a party or not. The Vassilopulos case followed the Connors case. In the Connors case the court said [238 Mo. l. c. 297]: "It will thus be seen that to meet the ends of justice we have given the present act (now Sec. 1184) the same wide range of meaning imported by the language of the former act."

However, in a subsequent case, Leahy v. Campbell et al. (banc, 1918), 274 Mo. 343, ■■■ 202 S. W. 1114, it was held that an appeal should be dismissed because the appellant was not a party *to* the cause or proceeding. In the Leahy case the facts on the point here were these: James Campbell died testate. The Mercantile Trust Company was executor. While the executor was in charge and administering the estate certain legatees under the will filed a will contest. After the will contest suit was filed, the contestants filed petition in the probate court (St. Louis) asking that the executor be suspended and that an administrator pendente lite be appointed to take charge of the estate. This petition was resisted in the probate court by the proponents of the will and the executor, but the probate court suspended the executor and appointed Leahy administrator pendente lite. The executor and others appealed to the circuit court from the order suspending the executor, but did not appeal as to the appointment of Leahy. The circuit court reversed the order of the probate court suspending the executor, but did not disturb the appointment of Leahy as administrator pendente lite. The contestants did not appeal from the order of the circuit court reversing the suspension of the executor, but Leahy appealed. In dismissing Leahy's appeal the court said: "We are of the opinion that Leahy was not *a party to* the proceeding disclosed by this record, and for that reason his appeal should be dismissed" (italics ours).

In Leahy v. Mercantile Trust Company (banc, 1922), 296 Mo. 561, 247 S. W. 396, the court, in speaking of the case of Leahy v. Campbell, supra, said [247 S. W. l. c. 404]: "In that case we ruled that Leahy was not a party to the suit, and hence could not appeal. This because only a party to a suit can appeal from a judgment therein. Upon this point we need not cite the cases, but we cite the statute.

Section 1469 R. S. 1919 (now Sec. 1184, R. S. 1939). Since 1895, Acts of 1895, p. 91 (should be Acts 1891, p. 70) that statute has read, 'Any party to a suit.' Prior to that it read, 'Every person aggrieved' might appeal.''

It will be noted in Leahy v. Mercantile Trust Company, supra, that the opinion is by Judge Graves; the only Judges Walker and Higbee concurred in the whole opinion; that Judges David E. Blair and James T. Blair concurred in the result, and that Judge Elder dissented in a separate opinion in which Judge Woodson concurred. We think it is quite apparent from the dissenting opinion of Judge Elder in which Judge Woodson concurred, that at least these two had no fault to find with Judge Graves' construction as to what the case of Leahy v. Campbell held relative to the subject that one not a party *to* a suit could not appeal. In the dissenting opinion is this [247 S. W. 1. c. 408] : ''An examination of the opinion in Leahy v. Campbell shows that this court stated two propositions: First, that plaintiff herein (Leahy), not being a party to the proceeding there under review, had no right to appeal from the decision of the circuit court; second, that the case there presented was but a moot case. However, what this court decided in Leahy v. Campbell was that the appeal of plaintiff therein should be dismissed, the order of dismissal being predicated upon the fact that plaintiff therein was not a party to the suit.''

Appeals are favored and statutes granting appeals are liberally construed, but the right to appeal is purely statutory, and where the statute does not give such right it does not exist. Ferguson v. Board of Equalization of Madison County, 350 Mo. 122, 164 S. W. (2d) 925, 1. c. 927, and cases there cited. There may be cases where, in the interest of justice, one aggrieved may appeal, although not a party *to* the cause or proceeding as was the reason given in Leahy v. Campbell, supra, but in the present proceeding not only is the City not a party, but in our opinion, it is not *aggrieved* within the meaning of that term as used in Sec. 1184, R. S. 1939.

The probate court, in making the order, of its own motion, for the citation to the guardian began with, ''Whereas, the City of St. Louis has filed a statement with the probate court of the City of St. Louis, showing that Fountain S. Moore, a person of unsound mind, has been maintained and supported in the Sanitarium from October 30, 1933, to July 31, 1938, at the cost and expense of the City of St. Louis, and that at the rate of $20.00 per month for such support and maintenance there appears to be due the City of St. Louis, Missouri, the sum of $1141.29, and it further appears to the court that such support and maintenance was furnished by the City of St. Louis, to said Fountain S. Moore, since his adjudication as a person of unsound mind and incapable of managing his affairs with the knowl-

edge and consent of Martha A. Chappel, guardian of the person and estate of Fountain S. Moore."

There is no claim that there was any statement filed by the City as the basis of the present proceeding. As stated, it is conceded that the probate court of its own motion, commenced the present proceeding. The inference therefore is that the *statement* referred by the probate court is the statement filed by the City in the proceeding that was decided adversely to the City in the case of In re Moore's Guardianship, 148 S. W. (2d) 116, referred to, supra. The statement filed in the probate court in that proceeding is set out in full in the opinion [148 S. W. (2d) 116], from which it appears that the statement is based on the identical claim of the City as is the claim in the present case, and in the brief, appellant says that "the debt there (in the prior proceeding) sued for is the identical debt the respondent was ordered to pay in this proceeding."

It will be noted that the circuit court held, in the present case, that the proceedings in the case of In re Moore's Guardianship is res adjudicata of the present proceeding, and for that reason dismissed the present proceeding in the circuit court. It is stated in the suggestions in support of the motion to dismiss filed here that respondent offered evidence in support of the motion to dismiss filed in the circuit court, and as stated, appellant filed no motion for a new trial, no bill of exceptions, and has not brought up any of that evidence, hence if the ruling of the circuit court that the City's present claim was adjudicated in the prior proceeding was before us it would be only on the record proper, and no point is made on that. So it would appear that appellant has had one bite at the cherry and is not, under the rule of res adjudicata, entitled to again occupy the status of one *aggrieved* on the same ground that was the basis of a prior identical grievance.

It will be agreed, we think, that the present proceeding is something new under the sun, so to speak. However, appellant, in the brief, says that "the judicial power and authority of the probate court to issue the citation and order to respondent in this case was clearly granted by section 34, Article 6, of the Constitution of 1875." Said Sec. 34, Art. 6, is as follows:

"The General Assembly shall establish in every county a probate court, which shall be a court of record, and consist of one judge, who shall be elected. Said court shall have jurisdiction over all matters pertaining to probate business, to granting letters testamentary and of administration, the appointment of guardians and curators of minors and persons of unsound mind, settling the accounts of executors, administrators, curators and guardians; and the sale or leasing of lands by administrators, curators and guardians; and also jurisdiction over all matters relating to apprentices; Provided, That until the General Assembly shall provide by law for a uniform system of

probate courts, the jurisdiction of probate courts heretofore established shall remain as now provided by law."

We are not able to discover in said Sec. 34, Art. 6, the specific language that would, without legislative enactment, authorize the present proceeding, and able counsel do not point out such language. And we might say that if anything in Sec. 34, Art. 6, could in itself possibly be construed to authorize the proceeding here, it would still require legislative authority because legislative enactment was necessary to carry this section into effect. See State ex rel. Attorney General v. Gammon, 73 Mo. 421, l. c. 426.

It is quite clear, we think, that the present proceeding is not authorized by Sec. 474, R. S. 1939, as the probate court implied by its order of appropriation, supra; that the proceeding has no authority in any law to support it; that the whole proceeding was a nullity ab initio, and that the circuit court had no jurisdiction to entertain the appeal from the probate court. Sec. 471, R. S. 1939, Mo. R. S. A., Sec. 471, provides for the presentation of demands against the estate of insane persons, and also provides that all demands not presented to the probate court for allowance in one year from the date of the appointment of the first guardian, etc., shall be forever barred.

In addition to the reasons given, supra, as to why this appeal should be dismissed there is still another. "The law is well established that the circuit court has jurisdiction of an appeal from a probate court only in cases authorized by the statute." Stobie v. Stobie (Mo. App.), 183 S. W. (2d) 609, l. c. 614-615, and cases there cited. We are quite clear that this proceeding is not authorized by statute, hence, neither the probate court nor the circuit court had jurisdiction to entertain the so called cause except to dismiss it. It is elementary that if the circuit court had no jurisdiction to entertain the appeal, the supreme court does not, except to dismiss the appeal. See McMurray v. Kansas City Gas Co. et al., 353 Mo. 1180, 186 S. W. (2d) 593.

Respondents' motion to dismiss the appeal should be sustained and the appeal dismissed. It is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.