MRS. SADIE RUDDY, RESPONDENT, v. ESTATE OF GEORGE LABAR, DECEASED; L. S. THARP, ADMINISTRATOR, APPELLANT.—231 S. W. 2d 833.

Kansas City Court of Appeals. Opinion delivered June 5, 1950.

*Errol Joyce* and *Walter A. Raymond,* for appellant.

*H. K. West* for respondent.

100

SPERRY, C.—This case originated in probate court where Sadie Ruddy filed a demand against the estate of George Labar, L. S. Tharp, administrator, for board, room and personal services, in the amount of $4000. Claimant and administrator appeared in person

and by their respective attorneys. Trial to a jury resulted in a verdict for the full amount demanded, and said claim was so allowed and classified. The administrator appealed to the circuit court, where a jury trial again resulted in a verdict and judgment in the full amount claimed.

From that judgment the administrator did not appeal, but three "heirs at law of the estate of George Labar, deceased," seek to prosecute this appeal. However, no one of these appellants were parties to the proceeding in probate court, or joined in the appeal from probate court to circuit court; nor is there any showing that they were ever made parties in the circuit court, if that could have been done.

Section 283, Mo. R.S.A. regulating appeals from probate court, provides: "* * * and the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor, or other persons having an interest in the estate under administration; * * *." However, as stated, the appeal from probate court was taken by the administrator alone.

Section 1184, Mo. R.S.A. (Section 126 of the general code for civil procedure, Laws Missouri, 1943, page 390) governs the right of appeal from circuit court. It provides: "Any party to a suit aggrieved by any judgment * * * may take his appeal to a court having appellate jurisdiction * * *." The persons who seek to prosecute this appeal are not parties to the suit. They are strangers to the record. Only a party to a suit may appeal. Ewart v. Peniston, 233 Mo. 695, 705; Leahy v. Campbell, 274 Mo. 343, 202 S.W. 1114, 1115; In re Main's Estate, 152 S.W. 2d 696, 701; In re Moore's Estate, 354 Mo. 240, 189 S.W. 2d 229, 232; Kaltwasser v. Kaltwasser, 197 S.W. 2d, 102, 103.

Prior to 1891 the statute providing for appeal from the circuit court gave such right to "every person aggrieved"; but since its amendment the right has been limited to "any party to a suit." In re Moore's Estate, supra, 32. Appeals are favored and statutes granting appeals are liberally contrued; but the right of appeal is purely statutory and where the statute does not give such right it does not exist. In re Estate of Moore, supra, 233.

The appeal should be dismissed. *Bour, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY C., is adopted as the opinion of the court. The appeal is dismissed. *Dew, P.J., Broaddus, J.,* concur; *Cave, J.,* not participating.