## In re STEVEN et al.

### No. 10967.

Missouri Court of Appeals, Springfield District, En Banc.

Aug. 23, 1978.

Esco V. Kell, West Plains, for appellants.

David G. Neal, Eminence, R. Jack Garrett, West Plains, for respondents.

TITUS, Judge.

Doyle and Christine, husband and wife residents of Howell County, are the natural parents of seven children whose ages ranged from one to eight years when the matters herein concerned were instituted in the Juvenile Court of Howell County on March 14, 1974, by the filing of a petition by the juvenile officer of the 37th judicial circuit.

Contrary to the mandate of § 211.091 RSMo 1969, the petition filed March 14, 1974, did not "set forth plainly . . . [t]he facts which bring the child[ren] within the jurisdiction of the court" as specified in § 211.031 RSMo 1969, but simply concluded that the minors "are neglected children." On the following day, i. e. March 15, 1974, the court entered an order "that said minors are made immediate wards of the Juvenile Court and Division of Welfare be granted care and custody of said children . . . .. Case to be heard on April 17, 1974." The transcript on appeal contains a docket entry showing that "cause continued to May 17, 1974." However, the transcript contains no evidence that any such hearing was ever conducted.[1]

On the court's own motion made March 2, 1977, and filed March 3, 1977 (§ 211.251 RSMo 1969; Rule 121.01, V.A.M.R.) the March 15, 1974, order, supra, was modified to give the parents visitation rights of the children under the supervision of the Division of Family Services. Then on November 7, 1977 (filed November 22, 1977), the court, again on its own motion and purporting to be acting under the just cited statute and rule, modified its orders of March 15, 1974, and March 2, 1977, by remanding immediate custody of the seven children to their parents under the continuing supervision of the Division of Family Services.

Under date of December 6, 1977, two motions for new trial were filed. One by

1. The transcript contains a petition filed March 24, 1976, by the juvenile officer to terminate parental rights and an answer thereto by the parents filed on January 27, 1977. § 211.441 et seq., RSMo 1969. However, the transcript nowhere reveals that any action was taken in respect to terminating parental rights. In fine, it appears this action was wholly abandoned or simply ignored.

Mildred Tool, describing herself as foster parent and next friend of one of the children; the other by Gary and Phyllis Gourley, describing themselves as foster parents and next friends of three of the children. Without knowing for certain, it is assumed from allegations made in the motions that the four children had been placed in the temporary custody of movants after they had been declared wards of the court in March 1974. On December 7, 1977, movants filed separate petitions for appointment as next friends and their consents to act as such. A docket entry dated February 1, 1978, filed February 2, 1978, declared the petitions for appointment of next friends and the motions for new trial "to be void and invalid and of no force and effect" because they were "filed by persons who have not heretofore applied for or been granted the right to intervene in the . . . matter, and further . . . that said motions, even if valid, were filed out of time." Following this, on February 17, 1978, movants moved the court to set aside the order of February 2, 1978, and to appoint them next friends of the four children. According to the transcript on appeal, a special judge on February 27, 1978 (sic) "set aside this Court's order of December 7, 1977" (there was no such order) and on February 17, 1978, issued orders appointing movants next friends of the minors "to file a motion for new trial and to prosecute said action in this cause."

No action was taken on the motions for new trial nor were any such motions proffered for filing subsequent to February 17, 1978. On February 21, 1978, movants filed their notice of "appeal from the judgment entered in this action on the 22nd day of November, 1977."

Even should we assume the validity and finality for appeal of the court's November 22, 1977, order which remanded custody of the children to their parents, it must be remembered that Rule 120.01, V.A.M.R., and § 211.261 RSMo 1969, allow appeals to be taken on the part of juveniles only by their parent, guardian, legal custodian, spouse, relative or next friend if filed within thirty days after entry of final judgment.

Parties who do not qualify in any of the enumerated relations to the children and who are not parties to the litigation at hand may not file motions for new trial [*In re Main's Estate,* 236 Mo.App. 88, 99, 152 S.W.2d 696, 701[8] (1941)] nor prosecute an appeal. *Ruddy v. Labar's Estate,* 241 Mo. App. 98, 101, 231 S.W.2d 833[1] (1950), and cases there cited. At the time Mildred Tool and the Gourleys filed their motions for new trial they were strangers to the proceeding. The time for appealing from the order of November 22, 1977, expired on December 22, 1977, and the court nisi did not undertake to appoint movants next friends of the four children until February 17, 1978, or long past the time when a valid motion for new trial or notice of appeal could have been filed.

This court has no jurisdiction to undertake the appellate review of this matter. In accordance with the juvenile officer's and parents' joint motion to dismiss the appeal, the appeal must be, and hereby is, dismissed.

All concur, except FLANIGAN, J., not participating.