LaVERNE McMURRAY, Appellant, v. KANSAS CITY GAS COMPANY and METROPOLITAN LIFE INSURANCE COMPANY.—No. 39286.—186 S. W. (2d) 593.

Division One, April 2, 1945.

*Trusty & Pugh* and *L. W. Rodekohr* for appellant.

*Charles M. Miller* for respondent Kansas City Gas Company.

BRADLEY, C.—This is an appeal from an order sustaining what is termed a motion for a nunc pro tunc order to correct the number of a case.

LaVerne McMurray, appellant here, and her husband, Charles McMurray, on December 6, 1943, had separate personal injury suits pending in the Jackson County circuit court against respondents here. The husband's case was No. 480984; the wife's was 480986, and in her petition she asked judgment for $15,000. December 6, 1943, in Assignment Division No. 2, the following order was made:

"Now on this day, the following numbered and entitled cause is by the court assigned to the respective division to wit: 480984—McMurray v. Kansas City Gas Co. et al., Division No. 1."

Plaintiff, appellant here, and defendants, respondents here, and counsel on both sides appeared in Division No. 1 and tried to a jury the wife's case, No. 480986, and on December 18, 1943, the jury returned a verdict in favor of the wife for $7500 against the defendant Metropolitan Life Insurance Company, but found in favor of the defendant Kansas City Gas Company. The Metropolitan Life filed a motion for a new trial and plaintiff, appellant here, filed a motion for a new trial as to the Gas Company. These motions are still pending, as we understand.

May 5, 1944, the Gas Company filed in the assignment division the motion to correct the number, so the *record* would show that No. 480986, the wife's case, was assigned out for trial and not No. 480984, the husband's case. The court sustained this motion, made an order so correcting, and the wife appealed, and that is the appeal here.

S. L. Trusty, counsel for appellant (and her husband) and who tried her case, was called as a witness for the Gas Company at the hearing on the motion to correct the number, and testified that the husband, Charles McMurray was gone, was in the Navy, and that he wanted to try the wife's case and that he knew he was "trying the case of LaVerne McMurray" when the case was being tried.

Appellant contends that the court was without jurisdiction to make the order correcting the number and that said order is wholly void. On the other hand the contrary contention is made. Also, it is contended that the order of correction was not appealable. And the point is made that the appeal should be dismissed because appellant failed to make a proper statement and because of an insufficient assignment of errors.

 Nothing is said in the briefs on the question of jurisdiction of this appeal. However, when such question presents itself, it is our duty to determine such question whether raised or not. Perkins v. Burks et al., 336 Mo. 248, 78 S. W. (2d) 845, 61 S. W. (2d) 756; Ashauer v. Peer et al., 346 Mo. 218, 139 S. W. (2d) 991; Miller et al. v. Heisler et al. (Mo. Sup.), 180 S. W. (2d) 54.

 Sec. 12, Art. 6, Constitution, and Sec. 5, Amendment of 1884, read in connection with Sec. 2078, R. S. 1939, Mo. R. S. A., Sec. 2078, prescribe the appellate jurisdiction of the supreme court. Assuming that such an appeal as here will lie, still under the record here, there could be no possible theory that would give the supreme court jurisdiction unless it be on the theory that the amount in dispute exceeds the sum of $7500.

"Where our jurisdiction is invoked on the basis of the amount in dispute and a money judgment is not sought, then such amount must be determined by the money value of the relief to plaintiff, or of the loss to defendant, should the relief be granted, or vice versa, should the relief be denied." Frank Schmidt Planing Mill Co. v. Mueller

et al., 347 Mo. 466, 147 S. W. (2d) 670; Higgins et al. v. Smith et al., 346 Mo. 1044, 144 S. W. (2d) 149. As we see it, the sole question presented, assuming the appeal is proper, is the validity of the correction order. If such order is valid, then appellant's case is pending on the motions for a new trial. If the correction order is void and the whole proceedings touching appellant's case are void as is contended, then the case, it seems, would be pending and unassigned.

We are quite clear that if such an appeal as here will lie the supreme court would not have jurisdiction thereof and we are equally clear that the order of correction is not appealable. Sec. 1238, R. S. 1939, Mo. R. S. A., Sec. 1238 defines an order of court as follows: "Every direction of a court or judge made or entered in writing and not included in a judgment, is denominated an order." Sec. 1184, R. S. 1939, Mo. R. S. A., Sec. 1184, sets out all appealable orders. No possible construction would place the order of correction among the appealable orders set out in Sec. 1184. Sec. 1184 also provides that an appeal will lie from any final judgment. No case is cited and we find no case supporting the notion that the correction order is a final judgment as such term is used in Sec. 1184.

Cox v. Frank L. Schaab Stove & Furniture Co. et al., 332 Mo. 492, 58 S. W. (2d) 700, involved a premature appeal and a question of jurisdiction, as in the present case. That case was transferred to the court of appeals on March 16, 1933. The appeal was dismissed by the court of appeals February 6, 1934. See 67 S. W. (2d) 790. Almost a year elapsed from the order of transfer until the case was reached and the appeal dismissed in the court of appeals. In that case, as in the present case, it was certain that the appeal was premature and would be dismissed. We can see no reason why the dismissal of the present appeal should be delayed; we know of no reason why the order of dismissal cannot be made here. Such will be in the interest of speedier justice.

The appeal should be dismissed and the ruling in the Cox case to the effect that in such situation as here the cause will be transferred to the court of appeals should be overruled. It is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.