Jerry COBBLE, an infant, by Chester Cobble, his next friend, Chester Cobble and Georgia Cobble, Plaintiffs-Appellants,

v.

L. E. McDONALD, Sr., Defendant-Respondent.

No. 7651.

Springfield Court of Appeals.

Missouri.

Jan. 21, 1958.

Max H. Glover, Webb City, for plaintiffs-appellants.

Rex Titus, Joplin, for defendant-respondent.

RUARK, Judge.

Plaintiffs' original petition was in three counts, wherein claim was made in separate counts for $40,000, $400 and $3,000. Defendant filed answer asserting several defenses and also a counterclaim claiming damages in amount of $500. Thereafter plaintiffs filed amended petition claiming (in separate counts) $40,000, $10,000, $400, $3,000, and $5,000. Defendant filed motion to dismiss on the ground that the defendant named in the first petition had died pending litigation, that there had been no action taken for substitution of proper parties as required by section 507.100, as amended, Laws of 1953, p. 313, V.A.M.S., and that more than one year had elapsed since death and notice of death of the defendant. This motion was sustained and plaintiffs' cause was dismissed. Thereafter the plaintiffs (eventually) appealed to this court.

It is our opinion that jurisdiction of this appeal lies in the Supreme Court, because, as affirmatively appears on the record, the amount involved and actually in dispute as a live issue is far in excess of $7,500. Art. 5, sec. 3, Constitution of 1945, V.A.M.S.; Schmidt v. Morival Farms, Mo.App., 232 S.W.2d 215; Mo., 240 S.W.2d 952; Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763; see Heuer v. Ulmer, Mo.App., 264 S.W.2d 895; Mo., 273 S.W.2d 169.

Having determined that we have no jurisdiction because of the excess in amount, we are bound to transfer the case to the Supreme Court, and we pass the pot to that

court without stirring, probing, or sampling the contents. Art. .5, sec. 11, Constitution of 1945; Starr v. Mitchell, Mo.App., 231 S.W.2d 299; Mo., 237 S.W.2d 123; Winslow v. Sauerwein, 365 Mo. 269, 282 S.W.2d 14; see Taney County v. Addington, Mo. App., 296 S.W.2d 129; Mo., 304 S.W.2d 842; but see also McMurray v. Kansas City Gas Co., 353 Mo. 1180, 186 S.W.2d 593.

It is ordered that the cause be transferred to the Supreme Court.

STONE, P. J., and McDOWELL, J., concur.