The COLOR PROCESS COMPANY,
Appellant,

v.

NORTHWEST SCREENPRINT COMPANY,
Respondent.

No. 52532.

Supreme Court of Missouri,
Division No. 1.

July 10, 1967.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 11, 1967.

Gerritzen & Gerritzen, by Ray A. Gerritzen, St. Louis, for appellant.

Henry H. Stern, Jr., Baron, Stern & Liberman, St. Louis, for respondent.

HENRY J. WESTHUES, Special Commissioner.

Plaintiff, The Color Process Company, a Missouri corporation, filed this suit in the Circuit Court of the City of St. Louis, Missouri, against the Northwest Screenprint Company, an Illinois corporation. The suit was based on a breach of contract. In a first count plaintiff prayed for a judgment in the sum of $12,204.63 and in a second count for a judgment in the sum of $10,000 as punitive damages.

The defendant filed a motion which was captioned "Motion to Dismiss." In the motion, it was stated that the defendant "appearing specially and for the purpose of this motion only, and specially denies that this court has jurisdiction as to it in this action, and moves to quash the summons and return of service as to said defendant on the following ground: * * *." The ground stated was, in substance, that the summons was directed to the sheriff of Cook County, Illinois. It was served on Hyman J. Krauss in Chicago, Illinois, alleged to be the registered agent for the defendant corporation.

The trial court sustained the motion and plaintiff appealed.

In the brief plaintiff contends that the service by the sheriff of Cook County, Illinois, is good. The defendant contends otherwise. We need not determine that question for the reason that there is no final judgment in this case and therefore the appeal should be dismissed. Rowe v. Hizar, Mo., 163 S.W.2d 566; State ex rel. Anonymous v. Murphy, Mo.App., 354 S.W. 2d 42, 1. c. 43 [1].

The parties have briefed a point pertaining to the so-called "Motion to Dismiss" and the order of the court captioned "Judgment of Dismissal." Plaintiff argues that the trial court did not have authority to dismiss plaintiff's petition. The defendant argues that the trial court corrected the order by a "nunc pro tunc" order showing that the court by its order merely quashed the service and did not dismiss the petition.

We rule that while the motion was captioned "Motion to Dismiss," it was in reality a motion to quash the service. The same is true of the order of the court. It was captioned "Judgment of Dismissal" but the order did no more than quash the service.

Note the prayer of the motion:

"WHEREFORE, by reason of the premises, the defendant, NORTHWEST SCREENPRINT COMPANY, prays the court to quash the writ of summons in this case against it, and the service and return of the Sheriff thereof and thereon."

The order of the court read as follows:

"The court having heard and duly considered defendant's motion to dismiss, heretofore filed, and presented and submitted herein, upon the pleadings and arguments adduced, and being sufficiently advised of and concerning the premises, doth order that said motion be and the same is hereby sustained."

Note that the material portion of the order does not state that plaintiff's petition be dismissed, but "that said motion be and the same is hereby sustained." In the motion the defendant stated that it appeared for the sole purpose of presenting "this motion only, * * * and moves to quash the summons and return of service." Nowhere in the motion was the court asked to dismiss the petition. We rule that the court, by sustaining the motion, did no more than quash the summons and the return thereon.

There being no final judgment, the appeal is hereby dismissed.

PER CURIAM:

The foregoing opinion by HENRY J. WESTHUES, Special Commissioner, is adopted as the opinion of the court.

HENLEY, P. J., and SEILER and HOLMAN, JJ., concur.

STORCKMAN, J., not sitting · when cause was submitted.