**UNITED SECURITY INSURANCE COM-
PANY, a corporation, Plain-
tiff-Appellant,**

v.

**VOLKSWAGEN OF AMERICA, INC., a New
Jersey corporation, and Volkswagenwerk
Aktiengesellschaft, Defendants-Respond-
ents.**

No. 8908.

Springfield Court of Appeals.

Missouri.

Nov. 3, 1969.

Robert W. Richart, John R. Martin, Joplin, for plaintiff-appellant.

Malcolm L. Robertson, Blanchard, Van Fleet & Robertson, for defendants-respondents.

STONE, Judge.

In this action plaintiff, United Security Insurance Company, as the subrogated collision insurance carrier of one Russell Elliston, seeks to recover $1,337.18 from defendants, Volkswagen of America, Inc. (VWoA), a New Jersey corporation, and Volkswagenwerk Aktiengesellschaft (VW AG), a foreign corporation organized and existing under and by virtue of the laws of the Federal Republic of Germany, on account of damage to a 1965 Volkswagen purchased by Russell Elliston, the named

insured, from Porter Volkswagen of Joplin, Inc., on April 19, 1965, for $1,849.30 plus Missouri sales tax, but being driven by Charles R. Elliston, insured's son, when on August 5, 1965, (so the petition declares) as it was traveling around "a gradual curve" to the left at approximately forty miles per hour the Volkswagen "suddenly started skidding sideways with the right side leading or proceeding (sic) the front of the car . . . rolled over on the road and into the ditch," and was damaged so extensively that it was sold as salvage for $484. The pleaded cause of the accident was the breaking of an allegedly "defective steel cross member" which supported the right rear axle housing. Asserting that defendants VWoA and VWAG did "jointly and concurrently manufacture, market, assemble, inspect, and distribute" Volkswagen automobiles to the general public, that defendant VWoA was a wholly-owned subsidiary and agent of defendant VWAG, and that Russell Elliston, plaintiff's assignor, relied upon "the advertisements, representations, warranties and guarantees" published and made by defendant VWoA, recovery was prayed on theories of "negligence and breach of warranty" set forth with particularity. This appeal by plaintiff is an outgrowth of its efforts to obtain service of process upon defendants.

Suit was instituted by the filing of plaintiff's unverified petition in the Circuit Court of Newton County on April 18, 1968, on which date the clerk of that court issued "Summons upon Service by Mail" [Rule 54.08; § 506.160][1] and, as certified by the clerk, a copy of the summons and a copy of the petition were sent by registered mail, deliver to addressee only, "to defendants' employee Mr. Ziggie Dill" at 8825 Page, St. Louis, Missouri. On May 17, 1968, defendants filed separate motions to quash purported service of process and to dismiss for lack of jurisdiction.

With the foregoing motions to quash still pending and undetermined, one of plaintiff's attorneys filed on August 16, 1968, his personal "Affidavit in Aid of Jurisdiction" in which he alleged, inter alia, that plaintiff was entitled to obtain service of process under the provisions of the so-called single tort statute [§ 351.633; Laws 1965, p. 560] and also that "defendants' acts," as alleged in the petition and counsel's affidavit, were "such as to constitute the 'doing of business' within the State of Missouri so as to make both defendants subject to service of process generally under the provisions of V.A.M.S. § 351.380." On the same date, alias summonses were issued and forwarded to the Sheriff of St. Louis County, Missouri, and to the Sheriff of Cole County, Missouri. In due time, the Sheriff of St. Louis County filed his return reciting personal service upon "Ziggie Dill, Zone Service Mgr." of both VWoA and VWAG, and the Sheriff of Cole County filed his return reciting service only upon VWoA by delivery of summons and petition to James C. Kirkpatrick, Secretary of State of Missouri, as the person authorized by law to acknowledge and receive service of process under and by virtue of § 351.630. On September 18, 1968, defendants VWoA and VWAG filed separate motions to quash purported service of process and to dismiss for lack of jurisdiction, which were directed to the return of the Sheriff of St. Louis County; and on September 24, 1968, defendant VWoA filed still another motion to quash purported service and to dismiss, directed to the return of the Sheriff of Cole County.

One of the several grounds alleged in each of the five motions to quash and to dismiss (i. e., the separate motions filed on May 17, 1968, the separate motions filed on September 18, 1968, and VWoA's motion filed on September 24, 1968) was that the purported service of process there under attack denied movant due process of

---

1. All references to rules are to the Supreme Court Rules of Civil Procedure, V.A. M.R.; and, except as otherwise specifically stated, all statutory references are to RSMo 1959, V.A.M.S.

law in violation of the Fourteenth Amendment to the Constitution of the United States and Article I, Section 10, of the Missouri Constitution. In the separate motions of May 17 directed to the circuit clerk's certificate of mailing and the return receipt signed by Ziggie Dill, movants also pleaded that service of process by registered mail was not authorized in a case of this nature and that, in any event, plaintiff did not comply with the requirements for service in that manner. Rule 54.08; § 506.160. In the separate motions of September 18 directed to the return of the Sheriff of St. Louis County, movants also asserted that purported service upon defendants by delivery of suit papers to Ziggie Dill was insufficient because it was not made in the manner prescribed by law for service of process upon corporations or upon any person designated by law or authorized in fact to receive service of process for defendants. Rule 54.06(c); § 506.150(3). And, in VWoA's motion of September 24 directed to the return of the Sheriff of Cole County, movant also averred that valid service could not be obtained under § 351.633 because the petition showed on its face that VWoA had committed no tort against plaintiff within the State of Missouri. All of the motions further pleaded that the issues raised therein were res judicata and plaintiff was precluded from relitigating them because, in a prior suit styled United Security Insurance Company, a corporation, plaintiff vs. Volkswagen of America, Inc., defendant, instituted on the same cause of action and docketed as Case No. 56941 in the Circuit Court of Jasper County, Missouri, defendant's motion to quash purported service of process and to dismiss for lack of jurisdiction, predicated upon substantially the same grounds (excepting only res judicata) as those alleged in the several motions to quash in the case at bar, had been sustained and plaintiff's petition had been dismissed.

As permitted under our procedure [Rule 55.31(b); § 509.290, subsec. 2], some of the grounds of defendants' motions to quash were supplied in detail by the affidavits of Goetz Grimm, the corporate secretary of defendant VWoA, the New Jersey corporation which is the sole authorized United States importer of Volkswagen vehicles, and Herbert Rubin, a partner in the New York law firm identified as United States counsel to defendant VWAG, the German corporation which manufactures such vehicles. Those affidavits were not controverted by any affidavits subsequently filed by plaintiff; but, of course, the court still had before it the "Affidavit [by one of plaintiff's attorneys] in Aid of Jurisdiction" theretofore filed on August 16, 1968, although, as defendants' counsel here point out, that affidavit did not state or show that it was made on personal knowledge. Consult Rule 74.04(e).

After a brief hearing before the court on November 18, 1968, at which a certified copy of the judge's docket sheet, complete file, and judgment of dismissal in Case No. 56941 in the Circuit Court of Jasper County were introduced in evidence in support of defendants' plea of res judicata, the court took the case under advisement and requested trial briefs. On February 10, 1969, the court filed detailed findings which included the substance of the relevant averments in the affidavits presented by defendants and, under the caption "Judgment," entered orders (1) sustaining defendants' motions of May 17, 1968, "to quash the [clerk's] certificate of mailing . . . and return receipt" signed by Ziggie Dill, (2) sustaining defendants' motions of September 18, 1968, "to quash return of the Sheriff of St. Louis County," (3) quashing the return of the Sheriff of Cole County showing purported service of process upon defendant VWoA by serving the Secretary of State, (4) denying defendant VWoA's motion of October 17, 1968, to quash interrogatories theretofore propounded by plaintiff to that defendant on October 7, 1968, and (5) declaring that the judgment in Case No. 56941 in the Circuit

Court of Jasper County was not res judicata of the issues in the instant case. On February 20, 1969, plaintiff filed notice of appeal from that "judgment."

 In this court, defendants-respondents have moved to dismiss plaintiff's appeal on the ground that the "judgment" of February 10, 1969, was nothing more than "a nonappealable order." As recorded per Titus, J., in Hoevelman v. Reorganized School Dist. R2 of Crawford County, Mo.App., 430 S.W.2d 753, 754 (1, 2), with abundant supporting citations collected in notes 2 and 3, the fundamental governing principles are: "'The right of appeal shall be as provided by law' [Rule 82.01], it exists only where and when conferred by statute, and if no such right is granted by statute, then no right of appeal exists. As material here, § 512.020 . . provides that any aggrieved party to a suit may appeal '. . . from any final judgment in the case . . .,' and Rule 74.01 and § 511.020 define 'a judgment' as being 'the final determination of the rights of the parties in the action.' For a judgment to be final and appealable it must dispose of all parties and all issues in the case and leave nothing for further determination. Elliott v. Harris, Mo. (banc), 423 S.W.2d 831, 832(1); Scheid v. Pinkham, Mo., 395 S.W.2d 166, 168(2). Sans specific statutory authority, appeals do not lie from adverse rulings on motions which do not finally determine and dispose of the cause."

 Actually, the "judgment" in the instant case was a cluster or collection of five orders, the first three of which did no more than quash purported service of process, the fourth denied defendant VWoA's motion to quash interrogatories, and the fifth recorded the court's view concerning defendants' plea of res judicata in the several motions sustained in the first three orders. None of the orders dismissed, or evidenced an intention to dismiss, plaintiff's suit. On the contrary, the very entry of the fourth and fifth orders militated against the imputation of any such intention. This covey of orders could not be transformed or transmuted into a "judgment" simply by so calling or captioning it. Cf. Color Process Co. v. Northwest Screenprint Co., Mo., 417 S.W.2d 934. With the fourth and fifth orders having been favorable to plaintiff, it seeks appellate review only of the first three orders quashing purported service of process. Whether considered singly or collectively, those orders did not constitute a final judgment from which an appeal would lie. Color Process Co. v. Northwest Screenprint Co., supra; Evans v. Barham, Mo., 184 S.W.2d 424, 425(2); American Institute of Marketing Systems, Inc. v. Ford, Mo.App., 423 S.W.2d 852; State ex rel. Anonymous v. Murphy, Mo. App., 354 S.W.2d 42, 43(1); Tobin Asphalt Products v. Henwood, Mo.App., 199 S.W.2d 415. Neither of the two cases cited by plaintiff [Skatoff v. Alfend, Mo., 411 S.W.2d 169, 173(7, 8); Listerman v. Day & Night Plumbing & Heating Service, Inc., Mo.App., 384 S.W.2d 111, 119–120 (8, 9)] dealt with an analogous situation, and neither is controlling or persuasive here.

We are in no doubt but that plaintiff seeks to appeal from non-appealable orders and that defendants' motion to dismiss the appeal must be sustained. Our only uncertainty has been as to whether such order of dismissal properly may be entered here or the case should be transferred to the Supreme Court of Missouri for such disposition there. *If plaintiff's appeal would lie,* it appears that one of the matters for appellate review would be a constitutional question involving due process of law under the Fourteenth Amendment to the Constitution of the United States and Article I, Section 10, of the Missouri Constitution; and, since examination and resolution of that question would be within the exclusive jurisdictional orbit of our Supreme Court, we should and would transfer the case there. Art. V, Sec. 3, Const. of Missouri, 2 V.A.M.S.; Morrow v. Caloric Appliance Corp., Mo.App., 362 S.W.

2d 282, transferred Mo., 372 S.W.2d 41. However, as our departed brother, Ruark, P. J., in characteristic style appropriately wrote in Scheid v. Pinkham, Mo.App., 394 S.W.2d 570, 572, "Our first question: Is the case here? That is, was there a final and appealable judgment disposing of all the parties and all issues?" Since the instant case is not here in that the attempted appeal is from nonappealable orders, there is nothing for review on the merits by any appellate court. To transfer the case to the Supreme Court simply in order that it might be dismissed there would work needless delay and constitute a vain exercise in futility. Both logic and common sense would seem to commend, if not dictate, our entry of the order of dismissal. The propriety of that disposition is indicated and supported by McMurray v. Kansas City Gas Co., 353 Mo. 1180, 186 S.W.2d 593(4), not overruled or criticized in any reported case. And in Coonis v. Rogers, Mo.App., 413 S.W.2d 310, where the amount in controversy was in excess of our jurisdictional limit, we dismissed a premature appeal from a judgment not final and appealable. (For the opinion on second appeal, see Coonis v. Rogers, Mo., 429 S.W.2d 709.)

Defendants' motion to dismiss appeal is sustained and plaintiff's appeal is dismissed.

HOGAN, P. J., concurs.

TITUS, J., not participating.