**CONTINENT FOODS CORPORATION,**
**Plaintiff-Appellant,**

v.

**NATIONAL–NORTHWOOD, INC.,**
**Defendant-Respondent.**

**No. 9104.**

Springfield Court of Appeals,
Missouri.

Aug. 12, 1971.

Bob J. Keeter, Schroff, Keeter & Glass, Springfield, for plaintiff-appellant.

Kenneth H. Reid, Turner, Reid & Duncan, Springfield, for defendant-respondent.

TITUS, Presiding Judge.

Defendant, a nonresident corporation located in Wisconsin, was sued by plaintiff in the Circuit Court of Lawrence County

to recover the balance allegedly due on an inedible egg sales contract. Plaintiff averred the contract had been made in Missouri [§ 506.500(2)][1] and defendant was personally served in Wisconsin. § 506.510. "[A]ppearing specially for the purposes of this motion," defendant filed a motion to quash service of summons and to dismiss the action. It was stated in the motion that the contract had not been made in Missouri, but had been "negotiated through brokers located in the State of Illinois," and that "the attempted service of process issued for defendant herein is insufficient and should be quashed." Of particular importance is the fact that the motion did not challenge the sufficiency of the petition "to state a claim upon which relief can be granted." Civil Rule 55.33. After hearing arguments and receiving evidence on the motion, the trial court entered this order: "Motion to quash service of summons and dismiss petition is herewith sustained. Counsel to be notified." On the same day the order was made, an identical entry was written into the "record judgment." Plaintiff appealed and we are now confronted with defendant's motion to dismiss the appeal.

■ "The right of appeal shall be as provided by law." Civil Rule 82.01. As applicable here, § 512.020 authorizes an appeal only "from any final judgment in the case." As a general rule, to be final and appealable a judgment must dispose of all parties and all issues in the cause and leave nothing for further determination. State ex rel. Community Heat. & Air Conditioning Co. v. Schwartz, Mo.App., 452 S.W.2d 243, 246(1). An order which does no more than quash purported service of process does not constitute a final judgment from which an appeal will lie (United Secur. Ins. Co. v. Volkswagen of America, Inc., Mo.App., 447 S.W.2d 585, 588(5); American Institute of Marketing Systems, Inc. v. Ford, Mo.App., 423 S.W.2d 852,

854), because the only issue it decides is the validity of the particular service involved. Such an order is not transformed into a judgment on the merits of the plaintiff's petition simply by so labeling it to be one. Color Process Co. v. Northwest Screenprint Co., Mo., 417 S.W.2d 934, 936.

■ Civil Rule 67.03 and § 510.150, in part, provide that "any involuntary dismissal other than one for lack of jurisdiction * * * or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify." Under this rule and law, if the motion is predicated on the claim that plaintiff's petition does not state a cause of action, the sustaining of such a motion will constitute a final judgment from which an appeal may be taken because the trial court is disposing of plaintiff's cause of action on its merits. Parker v. Sherman, Mo., 456 S.W.2d 577, 578(1); Jones v. Williams, 357 Mo. 531, 532–533(1), 209 S.W.2d 907, 908–909(2). On the other hand, "an order quashing the service for lack of [jurisdiction or] venue is not a final appealable order or judgment." Frank v. Sinclair Refining Co., 363 Mo. 1054, 1059, 256 S.W.2d 793, 795(1).

■ Our courts, as frequently observed, judge a pleading by its subject matter, not by its appellation. Hamm v. Hamm, Mo.App., 437 S.W.2d 449, 452. We look to the originating pleading to determine what the pleader desires (J. R. Watkins Company v. Hubbard, Mo.App., 343 S.W.2d 189, 191) and what the court intends by its order. There is no fixed phrase required to be used by a court to specify that its order is not intended as a final dismissal of the plaintiff's action. If the order, judged by the motion which it rules, shows in any way that the court did not intend to then and there put an end to the action, it will be so considered. White v. Sievers, 359 Mo. 145, 152, 221 S.W.2d

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

118, 123(14). Moreover, if the judgment or order goes beyond the pleading and undertakes to grant relief which is not asked, the order or judgment may be considered valid as to that part which the court correctly makes and invalid as to the remainder, provided the two parts are separable. In such a situation, that part of the judgment or order which exceeds the relief prayed will be treated as surplusage and may be disregarded, leaving the remainder of the order or judgment standing. Kennedy v. Boden, 241 Mo.App. 86, 94, 231 S.W.2d 862, 866; 49 C.J.S. Judgments § 450, pp. 881–882. Or, to put it another way, if "the court ruled it had no jurisdiction any other finding was a nullity. The dismissal, being for want of jurisdiction, was without prejudice to the merits." In re Shaw, Mo.App., 449 S.W.2d 380, 384(4).

The single purpose of defendant's motion in this case was to have the court quash the service of process. The court was not requested to and did not, in fact, adjudicate the merits of plaintiff's petition. That portion of the court's order which undertook to sustain a nonexisting motion to "dismiss petition" is clearly a nullity, it is void [Clark v. Clark, Mo.App., 300 S.W.2d 851, 852(3, 4)] and amounts to nothing but surplusage which must be ignored. When shorn of superfluity, the order-judgment here did no more than quash the purported service of process. Hence, there is no final judgment from which an appeal will lie. United Secur. Ins. Co. v. Volkswagen of America, Inc., supra, 447 S.W.2d at 588(5). Defendant's motion is sustained and the appeal is ordered dismissed.

STONE and HOGAN, JJ., concur.