Mary STARNES and Otis P. Starnes,
Plaintiffs-Appellants,

v.

AETNA CASUALTY AND SURETY COM-
PANY, Defendant-Respondent.

No. 9482.

Missouri Court of Appeals,
Springfield District.

Dec. 7, 1973.

Edward F. O'Herin, Malden, for plain-
tiffs-appellants.

Manuel Drumm, Sikeston, for defend-
ant-respondent.

PER CURIAM:

Aetna Casualty and Surety Company is-
sued an automobile insurance policy to Otis
Starnes which, inter alia, provided unin-
sured motorists, medical expense and colli-
sion coverages. While the policy was in
effect on January 2, 1966, Otis was driving
the insured automobile in Tennessee when
it figured in a collision with an uninsured
highway vehicle operated by one Moody.
Otis and his wife, Mary, sustained injuries
in the accident. Subsequent to the casual-
ty, Moody filed a $14,000 bond with the
Tennessee Department of Safety in which
Otis and Mary were beneficiaries. Moody
eventually paid the automobile damage and
personal injury claims of Otis and Mary
who had also sued Aetna under its medical
expense and uninsured motorists coverages.
The claims of Otis and Mary against Aet-
na were submitted to the Circuit Court of
New Madrid County without a jury upon
the pleadings, motions, interrogatories and
stipulations of the parties. The trial court

entered a judgment against plaintiffs and they have appealed.

On June 27, 1967, Otis and Mary filed a two count petition against Aetna. A pleading entitled "Amendment to Petition" was filed September 30, 1970, and served to add Count III and Count IV to the petition. On May 4, 1972, a "Second Amendment to Petition" was filed and added four new paragraphs and a new prayer to Count III on behalf of Otis and Mary, although, as originally filed, it claimed relief for Otis alone. In substance, the various claims of Otis and Mary ultimately submitted to the trial court were contained in this azygous petition:

*Count I*—A claim by Mary against Aetna under the uninsured motorists coverage for $10,000 damages, plus $1,000 for vexatious delay and $3,500 attorneys' fees;

*Count II*—A claim by Otis against Aetna under the uninsured motorists coverage for $10,000 damages, plus $1,000 for vexatious delay and $3,000 attorneys' fees;

*Count III*—A claim by Otis and Mary against Aetna under the uninsured motorists coverage for $1,770 damages, plus $177 for vexatious delay and $750 attorneys' fees. This is predicated upon averments that Otis and Mary had collectively recovered $6,000 from Moody and from this sum paid Aetna $693 on its collision subrogation claim, thereby entitling plaintiffs to a net recovery of $5,310 (actually $5,307) for their damages resulting from the accident. However, so it is alleged, Mary and Otis were required to pay their attorneys $1,770 in fees, which expenses they would not have incurred had Aetna honored their demands under the uninsured motorists coverage;

*Count IV*—A claim by Otis against Aetna under the medical expense coverage for $293.55, plus $29.35 for vexatious delay and $100 attorneys' fees.

To compound the confusion reaped by the sometimes contradictory counts of the petition, Aetna answered only the first two counts—it did not answer either Count III or Count IV. Also, and although we do not suggest the necessity therefor, Aetna did not undertake to require plaintiffs to elect or otherwise indicate on which count or counts they intended to submit their claims.

The "Order, Judgment and Decree" entered by the trial court is in two parts; the first unlabeled section simply repeats the "Stipulation of Facts" upon which the cause was submitted. One such stipulated fact was that "plaintiffs incurred reasonable medical expenses within one (1) year of the accident in the amount of $293.55 but defendant has never paid plaintiffs these medical expenses which were covered under the medical payments provision of the insurance policy." The second part of the purported judgment, titled "Conclusions of Law," is exclusively devoted to a critique on plaintiffs' claim under Count III and limited to a discussion as to why the court opines that plaintiffs are not entitled to recover under the uninsured motorists coverage the $1,770 they allegedly paid their attorneys. No mention is made of the other counts of the petition or of plaintiffs' claim for medical expenses covered by the foregoing stipulation and theoretically presented in Count IV. The "Order, Judgment and Decree" concludes: "Wherefore, it is ordered, adjudged and decreed that the plaintiffs take nothing herein and that judgment be and the same is hereby entered in favor of the defendant and against the plaintiffs."

■ "The right of appeal shall be as provided by law" (Rule 81.01, V.A.M.R.), i. e., the right to appeal is purely statutory. Steffan v. Steffan, 390 S.W.2d 587, 590[1] (Mo.App.1965). To be ripe for appeal, a judgment must finally dispose of all issues raised by the pleadings [Coonis v. Rogers, 413 S.W.2d 310, 313[1] (Mo.App.1967)], and it is the duty of an appellate court, sua sponte if not otherwise, to determine if a final appealable judgment has been ren-

dered before it undertakes to consider the matter on its merits. Anderson v. Metcalf, 300 S.W.2d 377, 378[1] (Mo.1957).

■ Whether an order, judgment or decree is final and appealable is not to be decided by the name or description given it by the court nisi. United Secur. Ins. Co. v. Volkswagen of America, Inc., 447 S.W. 2d 585, 588[4] (Mo.App.1969). Although designated as "final," an appellate court will not consider a judgment as having fully determined all the issues if it, in fact, has not done so. Color Process Co. v. Northwest Screenprint Co., 417 S.W.2d 934, 935–936 (Mo.1967); Continent Foods Corp. v. National-Northwood, Inc., 470 S. W.2d 315, 317[2] (Mo.App.1971). Likewise, if a trial court labels a decree as "interlocutory," it will not be so considered by the court on appeal if it actually constitutes a final determination of the whole cause. Hooper v. Wineland, 131 S.W.2d 232, 240[1, 2] (Mo.App.1939). In other words, whether a judgment is final and appealable is determined by what is actually done according to its content, substance and effect. 4 C.J.S. Appeal and Error § 94 b., pp. 265–266.

■ The concluding paragraph of the present "Order, Judgment and Decree," *provided* it is read completely out of context, purports to fully and finally decide all issues. However, when this segment is viewed together with the prefacing portions, it is readily apparent that what was actually done was only to resolve the issues peculiar to Count III of the petition; the other issues, especially those contained in Count IV and the stipulation of facts relative thereto, were ignored by the judgment and left wholly undetermined. Consequently, the judgment is not final and appealable. This renders the instant appeal premature. Therefore, it is necessary that the appeal be dismissed.

It is so ordered.

All concur.