**David R. PAGLIARA, Plaintiff-Appellant,**

v.

**GIDEON–ANDERSON LUMBER CO., a Missouri Corporation, Defendant-Respondent.**

**No. 37694.**

Missouri Court of Appeals, St. Louis District, Division Three.

Aug. 31, 1976.

Whalen, O'Connor, & Danis, David O. Danis, St. Louis, for plaintiff-appellant.

Finch, Bradshaw, Strom & Steele, Cape Girardeau, for defendant-respondent.

PER CURIAM.

Plaintiff-appellant, David R. Pagliara, appeals from an order of the Circuit Court of St. Louis County entered December 2, 1975, which sustained "Defendant's Motion to Quash Service of Process for Lack of Venue."[1] Plaintiff had, on October 7, 1975, filed a two-count petition against defendant Lumber Company in St. Louis County seeking damages for breach of an oral contract of employment and for violation of the service letter statute, § 290.140, RSMo 1969. Thereafter, defendant moved to dismiss for improper venue on the ground that the defendant "does not keep an office or agent for the transaction of its usual and customary business in this county, and . . . the cause of action . . . did not accrue in this county . . . ." Affidavits and counter-affidavits were filed. Mr. Pagliara swore that the defendant employs a sales agent in the County and "holds said agent out to the public as their representative . . . and conducts company business on a regular basis" in the County. A hearing was held on the "motion to dismiss," which delved into the question whether the defendant had an office or agent for the "transaction of their usual and customary business." § 508.040, RSMo 1969. In due time, the court entered its

1. Actually, the defendant, Gideon-Anderson Lumber Company, on October 21, 1975 filed a "Motion to Dismiss for Improper Venue and Insufficiency of Process."

order: "Defendant's Motion to Quash Service of Process for Lack of Venue, heretofore heard and submitted, is sustained." In proper time, plaintiff "appealed" this order.

Defendant filed in this court its "Motion to Dismiss Appeal," and the plaintiff-appellant filed his suggestions in opposition.

Plaintiff contends that venue is proper in St. Louis County pursuant to §§ 508.010 and 508.040, because the defendant has an agent in St. Louis County for the transaction of its usual and customary business and because the alleged tortious cause of action (improper service letter) accrued in St. Louis County.

After examining the motion to dismiss the appeal and the suggestions in opposition thereto, we are compelled to conclude that the order of the trial court is not an appealable order under § 512.020 and hence dismiss the "appeal."

■ It is clear that the trial court did not dismiss the cause of action. The court sustained the defendant's "Motion to Dismiss for Improper Venue," although it worded the order in terms of "Motion to Quash Service of Process for Lack of Venue." The court, in sustaining the motion, did no more than quash the summons. The sustaining of a motion to dismiss for improper venue or a motion to quash for improper venue is not a dismissal on the merits of the claim and does not preclude a party from maintaining an action on the merits where venue is proper. Rule 67.03; *Color Process Co. v. Northwest Screenprint Co.*, 417 S.W.2d 934, 936 (Mo.1967); *Continent Foods Corp. v. National-Northwood, Inc.*, 470 S.W.2d 315, 318 (Mo.App.1971); *E. H. Fischer, Inc. v. Nat. Ind. Chemical Co.*, 526 S.W.2d 403 (Mo.App.1975).

■ The proper procedure for challenging such an order sustaining a motion to dismiss for improper venue or a motion to quash for improper venue is an extraordinary writ. *State ex rel. Amer. Inst. of Marketing Systems v. Cloyd*, 433 S.W.2d 559, 560 (Mo.banc 1968).

In his suggestions in opposition to dismiss the appellant relies upon *Skatoff v. Alfend,* 411 S.W.2d 169 (Mo.1966), *Litzinger v. Pulitzer Publishing Company*, 356 S.W.2d 81 (Mo.1962), and *Henderson v. Henderson*, 373 S.W.2d 482 (Mo.App.1963), as authority for the proposition that the trial court's order is an appealable one. *Henderson v. Henderson* and *Skatoff v. Alfend*, supra, are clearly inapposite and do not control, as they involve different factual and legal issues.

In *Litzinger*, supra, the trial court granted defendant's motion to quash summons and dismiss a libel action. The Supreme Court, without discussing whether the order was appealable, held that the statutory venue of an alleged cause of action for libel by a resident of St. Louis County against a newspaper publisher in the City of St. Louis by a corporation domiciled therein was only in that City and that service of process upon a reporter in St. Louis County did not satisfy § 508.010 that the defendant was "found" in the County. While it may be logically difficult to distinguish, the issue of appealability was not specifically raised or discussed. In any event, under those decisions wherein the specific issue was raised or discussed, it is clear that the order of the trial court herein is not appealable.

The appeal is dismissed.

ALL THE JUDGES CONCUR.