Norma **REDEKER**, Plaintiff-Appellant,

v.

George R. **BRADBURY**, Jr., Jo Turbeville Bradbury, County of St. Louis, John R. Baggs, Defendants-Respondents.

No. 47842.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 30, 1984.

**404**

Melvin Heller, Creve Coeur, for plaintiff-appellant.

Richard Charles Wuestling, St. Louis, for defendants-respondents Bradbury.

Robert H. Grant, St. Louis, for defendants-respondents St. Louis County and John R. Baggs.

KAROHL, Judge.

Plaintiff Norma Redeker appeals from a summary judgment in favor of defendants Bradbury and from a judgment dismissing defendants St. Louis County and John R. Baggs for improper venue.

Ms. Redeker was injured when the vehicle she was driving along Highway 109 in St. Louis County skidded on an ice patch and hit the rock bluffs bordering the highway. Plaintiff brought a action for personal injury alleging public nuisance and negligence against forty-one defendants: twenty-eight abutting landowners for failure to maintain the subdivision streets so as to prevent an ice accumulation on the public highway; St. Louis County for failure to require an adequate and safe design for the subdivision street construction; various public utilities and contractors for negligently rearranging the rock structure when installing the utilities; and the Missouri State Highway Commission for permitting and authorizing construction under a defective plan and for failure to rectify the hazard.

The collision occurred in St. Louis County where Ms. Redeker resides. The suit was filed in the City of St. Louis, where defendants Southwestern Bell and Union Electric have registered offices and agents. Defendant St. Louis County and John R. Baggs (Director of Planning, St. Louis County Planning Department) moved to dismiss based on failure to state a cause of action, improper venue and the statute of limitations. The motion was granted based on only one ground, § 508.060 [1], the venue statute for suits brought against a county.

1. All references are to RSMo 1978 unless otherwise indicated.

Plaintiff maintains that defendants St. Louis County and John Baggs should not have been dismissed for improper venue because § 508.010, the general venue statute, permits a plaintiff to file suit in any county when there are several defendants who reside in different counties. Defendants argue that § 508.060 requires suits against counties to be brought in that county only. Defendants maintain that since suit was brought in St. Louis City they were properly dismissed on venue grounds.

Defendants George and Jo Bradbury (landowners of a lot in the subdivision adjacent to the highway) moved for summary judgment alleging that they owed no duty to plaintiff to maintain the private roadway's access to Missouri Highway 109. The trial court sustained the motion for summary judgment and designated its order as a final judgment as to these defendants for purposes of appeal. Other defendants, including other subdivision property owners remained in the case. Plaintiff argues that summary judgment was improper because there remains a material question of fact as to whether defendants owed plaintiff a duty to maintain the private roadway. Defendants argue that since as a matter of law they owe plaintiff no duty the summary judgment was proper.

▆▆▆ Although none of the parties raised the issue, we have a duty to determine if the orders appealed from are final and appealable judgments. *Klippel v. Watkins*, 667 S.W.2d 28, 30 (Mo.App.1984). In *Gillman v. Mercantile Trust Co.*, 629 S.W.2d 441 (Mo.App.1981) we noted

> [w]hen a court sustains a motion to dismiss ... because of improper venue the dismissal is not a judgment on the merits of the claim; it does not preclude the party from prosecuting his claim in a forum having venue of the cause. It does not dispose of all parties and issues in the cause and is not an appealable order. The proper method of attacking the order of the trial court is by extraordinary writ. *Pagliara v. Gideon-Anderson Lumber Company*, 541 S.W.2d 92 (Mo.App.1976).

*Gillman,* at 443. Appellant's first point is not ripe for appeal.

▆▆▆ The trial court designated the summary judgment in favor of defendants Bradbury as a final judgment for purposes of appeal. However, the trial court designation of a judgment as final is not binding on the appellate court. *State ex rel. State Highway Commission v. Armacost Motors, Inc.,* 502 S.W.2d 330, 332 (Mo.1973). Whether a judgment is final and appealable is determined by what was actually done "according to its content, substance and effect." *Starnes v. Aetna Casualty and Surety Company,* 503 S.W.2d 129, 131 (Mo.App.1973).

▆▆▆ Rule 81.06 states that

> ... [W]hen a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for the purposes of appeal within the meaning of Section 512.020, RSMo. unless specifically so designated by the court in the judgment entered ...

A hearing on a motion for summary judgment is a separate trial before the court without a jury that the trial court may properly designate as a final judgment for purposes of appeal. *Bell v. Garcia,* 639 S.W.2d 185, 189 (Mo.App.1982). In order for the disposition of only some of the parties to be designated as final and appealable the remaining claims must be dependent on the pending decision, and judicial economy must be served. *Shell v. Shell,* 605 S.W.2d 185, 191 (Mo.App.1980). In the case at bar defendants Bradbury were granted a summary judgment on the grounds that as a matter of law the subdivision landowners owed no duty to plaintiff to maintain the private roadways around the entrance to the subdivision from Highway 109. We cannot reach the issue of whether the summary judgment was correctly granted because the order was not final and appealable. Although the court designated the decision final the designation was improper because the claims

against the remaining parties are not dependent on resolution of this issue. The group of landowners comprise the independent judicial unit necessary to make final a judgment which disposes of some but fewer than all of the defendants in a single claim case. *Shell v. Shell,* 605 S.W.2d 185, 191 (Mo.App.1980). *See also Spires v. Edgar,* 513 S.W.2d 372 (Mo. banc 1974). Only the Bradburys' motion for summary judgment is before us. Without the other landowners the judicial unit is incomplete. The appeal is premature.

We dismiss both appeals as premature.

REINHARD, C.J., and CRIST, J., concur.