Norma REDEKER, Plaintiff-Appellant,

v.

George R. BRADBURY, Jr., et al.,
Defendants-Respondents.

No. 50042.

Missouri Court of Appeals,
Eastern District,
Division One.

April 29, 1986.

Melvin Heller, Mark R. Rudoff, Melvin Heller, Inc., St. Louis, for plaintiff-appellant.

R.C. Wuestling, Wuestling & James, St. Louis, for defendant-respondent Bradbury.

Michael R. Noakes, Moser, Marsalek, etc., St. Louis, for defendant-respondent Day.

Raleigh Robinson, St. Louis, for defendant-respondent Domian.

John G. Enright, Kortenhof & Ely, St. Louis, for defendant-respondent Hughes.

Richard K. Brunk, Chesterfield, for defendant-respondent Self.

Stephen J. Sexauer, Carp & Morris, Clayton, for defendant-respondent Claybaugh.

Barry Ginsberg, Clayton, for defendant-respondents Lee, Bruemer & Hegger.

CARL R. GAERTNER, Presiding Judge.

This is the second appearance of this matter before this court. In *Redeker v. Bradbury*, 680 S.W.2d 403 (Mo.App.1984), we dismissed as premature an appeal by plaintiff from the entry of summary judgment in favor of two of the 41 defendants. We noted that the two defendants were but a part of 28 similarly situated defendant landowners comprising a judicial unit and, therefore, the trial court's designation of

finality under Rule 81.06 was ineffective. *Id.* at 405–06. After remand, all 28 defendant landowners presented similar motions which have been sustained and again designated as final. These defendants do comprise a distinct judicial unit and there exists no interdependency between the claims asserted against them and the claims asserted against the remaining 13 defendants. The jurisdictional defect has thus been corrected and we address the merits of plaintiff's appeal.

In her petition, plaintiff alleges she sustained serious injuries on February 27, 1978, when she lost control of her automobile when driving over a patch of ice created by water channeled from a private subdivision onto the public highway. Plaintiff asserted in her petition that improper grading caused by defective planning, engineering and execution permitted this surface water to drain onto the public highway rather than to pass through culverts specifically designed to carry water under the highway. Defendant landowners filed motions for summary judgment supported by identical affidavits in which each denied any involvement in the design, construction, landscaping or maintenance of the entry roadway to the subdivision. Also filed were copies of a trust indenture entitled "Road Maintenance and Restriction Agreement for Rockwood Forest," executed and duly recorded by the subdivision developer. Salient provisions of this indenture will be referred to below.

On appeal, plaintiff contends the trial court erred in granting summary judgment because "a material question of fact existed as to the landowner's duty to maintain the private roadway." Plaintiff has confused fact with conclusion. "In negligence jurisprudence, whether a duty exists is a question of law. Restatement (Second) of Torts § 4 (1965)." *Hyde v. City of Columbia,* 637 S.W.2d 251, 257 (Mo.App.1982). None of the facts material to the legal determination of the existence of a duty flowing from the landowners to the users of the public highway is in dispute.

Plaintiff argues this duty arises from an interpretation of the language of the trust indenture, from an agency relationship between the subdivision trustees and the landowners, or from the beneficial use by the landowners of the entry roadway.

 As with the existence of duty, the interpretation of the trust indenture language in this case is an issue for the court. *Grantham v. Rockhurst University,* 563 S.W.2d 147, 150 (Mo.App.1978). The trust agreement is between the subdivision developer and the trustees for the benefit of the landowners. An express purpose of the indenture is to provide for the development and maintenance of roads within the subdivision and to establish in the trustees power to carry out such purpose. Pertinent to this case is the language conferring upon the trustees "the power to maintain and repair said roadways and to regulate the use thereof...." "Maintenance of streets ... and any other improvements that grantor may install is to be performed as directed by the trustees and paid for out of funds from the assessment...." "Trustees shall not be required to expend money for maintenance of streets ... in excess of the assessments and shall expend only such sums for maintenance and improvements as they, in their sole discretion, deem necessary."

Plaintiff seeks to impose responsibility for road maintenance upon the landowners by seizing out of context a portion of a sentence from paragraph 15, *ROADS,* which states: "The roads in Rockwood Forest are private and are to be privately maintained by the lot owners...." The remainder of the sentence concludes "through the trustees." The paragraph concludes with the sentence, "The trustees have the power to maintain and repair said roadways and to regulate the use thereof."

The isolated phrase seized upon by plaintiff, when read in the context of the entire sentence, the entire paragraph and the entire agreement, obviously refers to the cost of road maintenance. The private roads are to be privately maintained by assessments against the landowners under the

control and "sole discretion" of the trustees. Neither the selected phrase nor any other provision of the trust indenture purports to impose liability or responsibility upon the individual landowners for negligent maintenance of the entry roadway.

Furthermore, plaintiff's argument that landowner liability results from the negligence of the trustees by virtue of an agency relationship is refuted by the language of the indenture, which confers upon the trustees sole authority over the roads in the subdivision. "The relationship of principal and agent arises out of contract, express or implied. It is an agreement whereby one person, the agent, consents with another, the principal, to act on behalf of the principal subject to the control of the principal." *George v. Lemay Bank and Trust Co.,* 618 S.W.2d 671, 674 (Mo.App. 1980). Here, the landowners were not parties to the indenture nor were they vested with any right or ability to exercise control over the acts of the trustees.

Plaintiff also suggests that the landowners' beneficial use of the roadway imposes upon them a responsibility for care, maintenance and upkeep of the entryway. Plaintiff cites no authority for this proposition and we are aware of no principle under which the mere right to use property owned by another for ingress and egress can render the user liable for injuries to a third party caused by an existing condition of the property over which he has no right of either possession or control.

The judgment in favor of landowners is affirmed.

SMITH and SNYDER, JJ., concur.